Michael F. Ram, CSB #104805
Email:  mram@ramolson.com
Karl Olson, CSB #104760
Email:  kolson@ramolson.com
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  415-433-4949
Facsimile:  415-433-7311

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE MLEJNECKY,<br><br>                              Plaintiff,<br><br>      v.<br><br>OLYMPUS IMAGING AMERICA INC.,<br><br>                              Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION**<br><br><u>CLASS ACTION</u><br><br>**JURY TRIAL DEMANDED** |

## I.  INTRODUCTION

1.      Plaintiff Stefanie Mlejnecky ("Plaintiff") brings this action for herself and on behalf of all similarly situated persons in California who purchased Olympus Stylus 1030 SW or Stylus 850 SW cameras manufactured and sold by Olympus Imaging America Inc. ("Olympus").

2.      Olympus designed, manufactured, distributed and sold Olympus Stylus 1030 SW or Stylus 850 SW ("Stylus SW cameras") to Plaintiff and proposed Class Members.

3.      Olympus engaged in an extensive and long-term advertising campaign for the Stylus SW cameras.  In advertisements, marketing materials, and on its website, Olympus

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

represents and emphasizes that the Stylus SW cameras are waterproof and shockproof. Specifically, Olympus represents that the Stylus 1030 SW cameras withstand drops of up to 6.6 feet and function in water up to 33 feet deep.  Olympus also represents that the Stylus 850 SW withstand drops of 5 feet and function in water up to 10 feet deep.  These statements, on which Plaintiff and class members relied, are untrue.

4.     At the time of sale, the Stylus SW cameras contained defects that caused the cameras to fail or malfunction when underwater or when dropped, despite Olympus's representations that the cameras were waterproof and shockproof.

5.     Olympus knows that the Stylus SW cameras have failed when underwater at what Olympus advertised as safe levels and when dropped from what Olympus advertised as safe levels.  Olympus has actively concealed and failed to disclose the material defects to Plaintiff and the proposed Class Members at the time of purchase and after.

6.     Despite notice of the defects from numerous customer complaints, Olympus has not recalled the Stylus SW cameras to repair the defects, has not offered its customers a suitable repair or replacement free of charge, and has not offered to reimburse Stylus SW owners who incurred costs relating to repair or replacement.

7.     As a result of the defects in the Stylus SW cameras, Plaintiff and the Members of the Class have suffered damages.

## II. PARTIES

**A.     Plaintiff**

8.     Plaintiff Stefanie Mlejnecky is a California citizen who resides in Placer County, California.  Plaintiff purchased a new Olympus Stylus 1030 SW for $317.90 on July 14, 2008.  Plaintiff had previously seen advertisements for the Stylus 1030 SW camera in magazines.  The advertisements showed underwater photos and stated that the camera could withstand drops of up to 6.6 feet and could be used in water up to 33 feet deep.  Plaintiff wanted a camera that could withstand significant impact in her home with small children.  Based on the

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

advertisements she saw, she reasonably and foreseeably expected to be able to use the camera underwater and expected that the camera would be sufficiently durable to withstand hard impact, such as if she or her children were to drop it from a height less than the advertised acceptable level.  She purchased the Stylus 1030 SW in reliance on the statements in the advertisements regarding the camera's capacity to withstand drops of up to 6.6 feet and to be used in water up to 33 feet deep.

9.     Plaintiff did not see a copy of her camera's warranty or know of its provisions until after she received the camera and opened the package.  The limited warranty covered defects manifesting within one year.

10.     On September 2, 2010, Plaintiff dropped her camera while attempting to take a picture of her children inside her house.  Although she dropped the camera from only about 3 feet above the ground, the plastic latch for the battery/card cover broke, preventing the cover from closing.  The message "card cover open" appeared, and the cover simply would not latch closed, resulting in the camera being useless.

11.     Soon after this incident, Plaintiff called Olympus to report the camera's defect and obtain repair or replacement of her camera.  She spoke with an Olympus representative, informed her of what happened, and asked whether Olympus would repair or replace the camera.  The representative told Plaintiff that her only option was to ship the camera back to Olympus for repairs.  When Plaintiff asked how much that would cost, the Olympus representative was unable to give an exact answer but stated that the "ballpark" range was around $150.  Plaintiff explained that she purchased the camera because it was advertised to withstand drops of less than 6.6 feet.  The Olympus representative responded that her only option was to pay Olympus for repairs.

**B.     Defendant**

12.     Plaintiff is informed and believes that Defendant Olympus Imaging America, Inc. ("Olympus") is the manufacturing, sales, service, distribution, and marketing unit for

Olympus digital cameras in the United States.  Olympus is a corporation incorporated in Delaware and headquartered in Pennsylvania.  Olympus is a subsidiary of the Japanese corporation, Olympus Corporation.  Olympus is licensed to do business in California, sells products in California, advertises in California, has a service center in California, and derives substantial revenue from California.  Olympus sells and markets digital cameras throughout the United States.

### III.  JURISDICTION

13.    This is a proposed class action.

14.    Members of the proposed Class are citizens of California.

15.    Plaintiff is informed and believes that the aggregate claims of individual Class Members exceed $5,000,000, exclusive of interest and costs.

16.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d).

### IV.  VENUE

17.    Defendant, through its business of manufacturing and selling Stylus SW cameras, has established sufficient contacts in this district such that it is subject to personal jurisdiction here.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(c).

18.    In addition, a substantial part of the events or omissions giving rise to these claims and a substantial part of the property that is the subject of this action are in this district.

19.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

### V.  APPLICABLE LAW

20.    California State law applies to all claims in this action.

### VI.  FACTUAL ALLEGATIONS

21.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

- 4 -

22.     For years, Olympus has designed, manufactured, distributed and sold digital cameras, including the Stylus SW cameras.  In January 2008, Olympus released the Stylus 1030 SW and the Stylus 850 SW cameras.  Plaintiff is informed and believes that Olympus has sold – directly or indirectly through retail outlets—thousands of Stylus SW cameras in California.

23.     When it released the Stylus 1030 SW and Stylus 850 SW cameras, Olympus commenced an advertisement campaign that emphasized that the cameras were "SHOCKPROOF," "WATERPROOF," "CRUSHPROOF" and "FREEZEPROOF."  In one advertisement, a young boy stands at a kitchen table with his fist raised, ready to launch a Stylus SW camera into the air from a spatula.  In addition to the references above, the word "BLASTOFFPROOF" is superimposed on the advertisement photograph.  In another advertisement, two young adults, one holding a Stylus SW camera, jump off a cliff into water below.  The word "GERONIMOPROOF" is superimposed on the advertisement photograph.  These advertisements seek to convince prospective purchasers that Stylus SW cameras are completely waterproof and shockproof.

24.     With regard to the Stylus 1030 SW's "shockproof" qualities, Olympus's website and marketing materials state, "Accidents happen, but the Shockproof Stylus 1030 SW can take it. A rugged metal body and revolutionary shock-absorbing construction are designed to withstand a 6.6-foot drop, bump or other mishap."[1]  With regard to the Stylus 1030 SW's "waterproof" qualities, Olympus's website and marketing materials state, "Innovative, waterproof seals and gaskets allow you to take amazing underwater pictures and movies in the pool, lake or ocean -- to 33 feet!"[2]

25.     With regard to the Stylus 850 SW's "shockproof" qualities, Olympus's website and marketing materials state, "The Shockproof Stylus 850 SW has a durable metal body,

[1] *See* http://www.olympusamerica.com/cpg_section/cpg_archived_product_details.asp?id=1363&fl=2, last accessed September 22, 2010.
[2] *Id.*

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

floating circuit board and an innovative shock-absorbing construction to protect it from drops up to 5 feet."[3]  With regard to the Stylus 850 SW's "waterproof" qualities, Olympus's website and marketing materials state, "A revolutionary system of waterproof seals and gaskets keeps water out so you can take pictures as deep as 10 feet underwater."[4]

26.     The Stylus SW cameras contain defects that cause the cameras to fail when underwater at what Olympus advertises as safe levels and when dropped from what Olympus advertises as safe heights.

27.     The Stylus SW camera defects include but are not limited to the battery card cover, which allows water intrusion when the camera is used underwater, and the battery card cover latch, which allows water intrusion and which easily breaks when experiencing impact from drops of less than 6.6 feet (for the Stylus 1030 SW) or 5 feet (for the Stylus 850 SW).

28.     Olympus is aware of these defects because numerous consumers have contacted the company to complain about the problems that arise when the cameras are used underwater or when the cameras experience impact.

29.     Hundreds, if not thousands, of purchasers of the Stylus SW cameras have experienced problems with the defective Stylus SW cameras.  Reviews and complaints posted by consumers on the Internet demonstrate that the defects are widespread, and that they manifest despite Olympus's claims that the cameras are "waterproof" and "shockproof."  These complaints were known to Olympus but not to reasonable consumers such as Plaintiff.  The reviews and complaints also demonstrate Olympus's awareness of the defects:[5]

- Amazon.com review: "**1030 SW leaked in less than 5 ft of fresh water!**" - "I bought an Olympus 1030 SW in May, and first used it 6/28/08, with 75 photos taken on it total.  I last used it 8/28/08 when snorkeling in Lake Tahoe (fresh water, depth of 5 ft).  On 9/5/08 when I tried to use it again, it started,

---

[3] *See* http://www.olympusamerica.com/cpg_section/cpg_archived_product_details.asp?fl=2&id=1365, last accessed September 22, 2010.
[4] *Id.*
[5] These reviews and complaints are reproduced as posted, without correction for grammar or spelling errors.

beeped 4 times, then shut down.  Charger says the battery is fully charged . . . but cannot . . . take photos or videos.  Was shocked to see that Olympus warrantee excludes damage caused by water, shock, or 'abuse' to a supposedly waterproof, shockproof and crushproof camera.  After the horror stories I see posted on the Internet regarding Olympus 'No Service' and charging people to fix their defective/leaking cameras, I'm considering contesting the credit card charge I bought it with. . . ."[6]

- Amazon.com review: "**Camera Leaks**" - "WARNING!  I bought this [Stylus 1030 SW] camera to use on a trip to Anguilla & the camera leaked!! . . . Another couple on our snorkel trip had the same camera they had also bought for their trip & it too leaked. . . . It would be a great camera if it worked but I would NOT trust it with your vacation photos.  Olympus clearly needs to work out some bugs before this is ready for purchase!"

- Amazon.com review: "**Do not buy this camera!!!!**" – "Do not buy this [Stylus 1030 SW] camera!!!! it is the worse camera ever.  We were at the lake and the camera stopped working and you can see some water had entered the camera.  I sent the camera to Olympus and they told me that I have to pay $120 to get fix after I paid $400 for it and they actually told me that I have to send the camera every year to get it refurbish.  After complaining about the misleading advertisement, the lady actually told me you can go to the web and express your feelings!!!!  EVERY YEAR PAY $120 – IT IS NOT WORTH THE MONEY – AGAIN DO NOT BUY!!!!!"

- Amazon.com review: "**Stopped working the first time it went into the water**" – "I bought this [Stylus 1030 SW] as a Christmas present for my brother and he said it stopped working the first time he took it into the water.  This might be a defective build but there seems to be plenty of people that had similar problems."

- Amazon.com review: "**Camera Leaks DO NOT PURCHASE**" – Bought this [Stylus 1030 SW] camera for our 12 day adventure trip to Costa Rica.  Camera stopped working after day 6.  Was extra careful to check all seals before using in

---

[6]All complaints posted on the Amazon.com website were found at:  http://www.amazon.com/Olympus-Stylus-1030SW-Digital-Optical/product-reviews/B0011E87QI/ref=cm_cr_pr_hist_1?ie=UTF8&showViewpoints=0&filterBy=addOneStar, last accessed September 22, 2010.

---

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

water.  After one day of canyoneering and rappeling down waterfalls, another day of zip lining in the rain, some light use in the pool and a brief moment in the ocean it died.  LCD went dead and camera was full of water.  Camera was never more than a foot or two under water. . . . Guy on our canyoneering trip noticed the camera and mentioned that he bought the same one for his trip as well and it died 6 days after he was using it in the ocean for surfing shots.  Very disapointed. . . ."

- Photographyreview.com review: "I purchased the 1030 w and woud'nt recommend it for action water shots . . . . watch for water seepage on the battery terminals not real water resistant oh and don't bother contacting Olympus the support team could't care less save your money just don't buy one."[7]

- Photographyreview.com review: "I purchased the 1030SW after owning a 720SW for the past two years, and thought it would be a nice upgrade.  If you're looking for a waterproof camera that's not actually waterproof, then look no further!! I sent my 1030SW back for warranty, only to be told that it had leaked due to misuse… hmmm… by misuse I assume they're referring to using it underwater in a 1 to 1 half metre deep swimming pool. . . . I've been told by the person that sold me the 1030SW that they tested it and it is waterproof, which makes me wonder how I got moisture on the inside of the camera lens after swimming, but before opening the battery/card compartment? I also had water leak into the battery/card compartment.  I would NOT recommend making the Olympus MJU 1030SW your next purchase."

- Photographyreview.com review: "I agree that the [Stylus 1030 SW] camera is not waterproof. I had the same problem after taking the camera into the water for the third time at the beach. It gave me an error message that compartment is opened when i clearly hadn't open it. it's a shame.. my wife and i really wanted a waterproof camera"

- Photographyreview.com review: "I am so upset with this 1030sw camera!!! My husband and I bought it for our vacation in Hawaii since we had plans to snuba and snorkel. On our very first day in Hawaii, I took it with my first snorkle trip and after 5 minutes of using it in 2 feet of water, the alert came on

---

[7] All complaints posted on the Photographyreview.com website were found at: http://reviews.photographyreview.com/blog/olympus-stylus-1030-sw-review/, last accessed September 22, 2010.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

that the battery door was open…I was so upset and now I don't have any cool pictures with this camera."

- Photographyreview.com review: "Just had the same thing happen with my Oly Stylus 1030 that others here have: On my fourth snorkel trip, and just barely below the surface of the water, the screen went black and I saw water seeping across it. It would not work. When I got back to the boat and opened the battery door, water poured out. I'm very disappointed. I think the thing takes really good pictures and it's definitely rugged. But in my experience, waterproof it is not."

- Photographyreview.com review: "I bought the 1030 SW for the fact that it said water PROOF to 33 feet, not water RESISTANT.  Cut to Xel-Ha on the Mayan Riviera this past Saturday, snorkeling in the lagoon… My first time taking it in the water, have not opened any of the hatches at all. I got no warning. One minute I'm happily snapping away in about two feet of water, the next minute my display screen is dead. When I got back to my hotel, I tried to see if it was working and THEN got a message saying 'Battery compartment is open'… Kind of like closing the barn door after the horse has left.  . . ."

- Photographyreview.com review: "My husband purchased my 1030SW as a birthday gift in January in anticipation of a long-awaited holiday of a lifetime to Mauritius in April. As a keen snorkeller I couldn't wait to photograph the coral and marine life within the shallow lagoons that surround the island. I was gutted when on the fourth time in the water I got the 'card cover open' warning and the camera was DEAD. . . . To be honest, I have lost confidence in the product as a waterproof camera and am not sure that I even want a repair or replacement. I already have a perfectly good digital compact and the 1030SW was bought specifically for its waterproof feature."

- Photographyreview.com review: "I purchased an OLympus Mju 1030sw because it was dubbed as the most durable camera in the world. Tested it out on holiday in the Pacific Islands and the black paint started coming off on my leg. Then the lens frame fell off as well and water condensation formed on the LCD when i took it in the sun/water. I tried it out snorkelling at 1-2 metres and all was well until the screen displayed the error message "card cover open". I took the camera out of the water to find water inside both covers. I allowed the camera to dry and tried it again, but from then on the error message remained.

---

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

. . . I think this camera is a heap of cheap rubbish, and I really was careful with it to follow the instructions, plus it broke the first time I used it outside the house!! Olympus Mju 1030SW, the world's most rediculously overstated camera!!!!!!!!!!!!!!!!!!!"

- DigitalCameraTracker.com review: "**Unsatisfied Buyer**" – "I bought this [Stylus 850 SW] camera before I came on deployment. I went to a water park in Dubai and about 30 minutes later it stopped working. I took all precautions the instruction book recemmended and it still didn't work in the water. Hopefully i just got a deffective camera and Olympus will replace it."[8]

- DigitalCameraTracker.com review: "**VERY unsatisfied owner**" – "I have purchased two of these olympus stylus sw waterproof cameras and cleaned and treated them exactly according to instructions after snorkeling to a max of 6 feet – soaking for 10 minutes in a bucket of fresh water, pressing the 'on off' several time under water etc… BOTH!!! leaked ocean water. One new from the shelf leaked during the second time it was underwater, the other had been under about six times and one year old. Both are damaged and unusable. Very displeased. Will never purchase again with such poor response from olympus."

- DigitalCameraTracker.com review: "Yeah… [Stylus 850 SW] worked for me in a pool a couple times but recently took it to Hawaii with me snorkeling and it failed after about ten minutes in the water… when I got back I opened the battery compartment and salt water came pooring out. used exactly as directed. olympus refuses to replace even though i bought a waterproof camera that wasn't waterproof! there should be a class action lawsuit for false advertisement on this after reading SO MANY negative reviews, yeah?"

- DigitalCameraTracker.com review: "this [Stylus 850 SW]camera is junk, we bought 3 for our children . . . we went to Cuba, and all 3 Olympus cameras crapped out and had water dropplets in the battery/memory card compartment. none of tehm work any more. my oldest daughters boyfriend also bought a newer model olympus… same thing after only 4 days owning it!!!! olympus will not replace any of them!!!"

---

[8] All complaints posted on the DigitalCameraTracker.com website were found at: http://www.digitalcameratracker.com/olympus-stylus-850-sw/, last accessed September 23, 2010.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

- **DigitalCameraTracker.com review**: "This [Stylus 850 SW] is the worst camera I have ever owned. The first time I went in the water it leaked water so I sent it back to Olympus and they repaired it. This was within the warranty time then less than 10 months later I took it into the water again and it leaked water same as the first time. I sent it back to Olympus again as it appeared they had never fixed it the first time. However they said it was no longer covered by warranty and they do not warranty there repairs so they sent the camera back to me when I refused to have it fixed. What a total waste of money I had bought Olympus for 20 years. Never again!"

30.     Customers have reported the Stylus SW cameras' defects to Olympus directly. Olympus is fully aware of the defects in the Stylus SW cameras. Despite this, Olympus has misrepresented the qualities and characteristics of the Stylus SW cameras and has actively concealed the existence and nature of the cameras' defects from Plaintiff and the Members of the Class at the time of purchase and thereafter.  Specifically, Olympus has:

a.     Misrepresented the Stylus SW cameras' characteristics and benefits by stating and advertising that they function in up to 33 feet (for the Stylus 1030 SW) or 10 feet (for the Stylus 850 SW) of water and stating and advertising that they could withstand drops of 6.6 feet (for the Stylus 1030 SW) or 5 feet (for the Stylus 850 SW);

b.     Misrepresented that the Stylus SW cameras were of a particular standard, quality or grade (with regard to waterproof and shockproof qualities) when they were of another;

c.     Failed to disclose, at and after the time of purchase or repair, any and all known material defects or material nonconformity of the Stylus SW cameras, including but not limited to the battery card cover and battery card cover latch defects;

d.     Failed to disclose at the time of purchase that the Stylus SW cameras, including the battery card covers and battery card cover latches, were not in good working order, were defective and were not fit for their intended purpose; and

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

e.       Failed to disclose and actively concealed the fact that the Stylus SW cameras, including the battery card covers and battery card cover latches, were defective, despite the fact that Defendant knew of such defects.

31.     Defendant has caused Plaintiff and proposed Members of the Class to expend money to repair or replace the Stylus SW cameras, despite Defendant's knowledge of the defects and misrepresentations regarding the Stylus SW cameras.

32.     Defendant's Stylus SW cameras come with a limited warranty, which states that they "will be free from defects in materials and workmanship under normal use and service for a period of one (1) year from the date of purchase."

33.     Even though Olympus advertises the Stylus SW cameras as able to withstand drops from 6.6 feet (Stylus 1030 SW) and 5 feet (Stylus 850 SW) above ground and able to function in water as deep as 33 feet (Stylus 1030 SW) and 10 feet (Stylus 850 SW), the company's warranty, which Plaintiff and reasonable consumers do not receive until after they have purchased the defective cameras, <u>excludes</u> defects and damage that could result from such drops or underwater use.  Specifically, the warranty excludes "defects or damage to the Products resulting from . . . **liquid**, **impact**, [and] **battery leakage**" (emphasis added).

34.     Purchasers whose cameras have failed due to water intrusion and impact have been denied warranty coverage under the above exclusion even though Olympus's advertising campaign for the Stylus SW cameras was based on the cameras' capacity to withstand impact and to be used underwater.

35.     Plaintiff and reasonable consumers did not see the warranty for the Stylus SW camera until after they received the camera and opened the camera's package.

36.     Plaintiff is informed and believes that, where Defendant replaced the Stylus SW cameras pursuant to warranty provisions, Defendant utilized equally defective parts, including battery card covers and battery card cover latches, such that the defects were not corrected even

though Defendant informed consumers that the defects were corrected.  This is additional evidence of active concealment of the material defects.

37.     Olympus has not recalled the Stylus SW cameras to repair the defects, has not offered to its customers a suitable repair or replacement free of charge, and has not offered to reimburse Stylus SW camera owners who incurred costs relating to repairs.  Nor has Olympus not removed the deceptive marketing materials from its website and other places which state that the Stylus SW cameras function in up to 33 feet (for the Stylus 1030 SW) or 10 feet (for the Stylus 850 SW) of water and that they withstand drops of 6.6 feet (for the Stylus 1030 SW) or 5 feet (for the Stylus 850 SW).

## VII.  CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this lawsuit as a class action on behalf of herself and all Californians similarly situated as members of a proposed Plaintiff Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions.

39.     The Class is defined as:

> All persons in California who purchased an Olympus Stylus 1030 SW or Olympus Stylus 850 SW camera between January 2008 and the present.  Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest of Defendant and Defendant's legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

Claims for personal injury are specifically excluded from the Class.

40.     <u>Numerosity</u>:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is in the hundreds, if not thousands, and great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single class action will provide substantial benefits to all parties and to the Court.

---

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

41.     <u>Typicality</u>:  The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all Class Members, owns a Stylus SW camera designed and manufactured by Olympus which has failed even though it was used for its intended purpose. Defendant knew but failed to disclose to any Class Members that its Stylus SW cameras were not waterproof and shockproof to the extent Defendant represented they were in its advertisements, website and other materials.  The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that she has an inoperable camera, and has incurred or will incur the cost of replacing the Stylus SW camera or repairing damage caused by the defective Stylus SW camera and its battery card cover and/or battery card cover latch.  Furthermore, the factual bases of Olympus's misconduct are common to all Class Members and represent a common thread of misconduct resulting in injury to all Members of the Class.

42.     <u>Commonality</u>:  There are numerous questions of law and fact common to Plaintiff and the Class which predominate over any questions affecting only individual Class Members. These common legal and factual issues include the following:

a.     Whether Olympus misrepresented the Stylus SW cameras' characteristics and benefits by stating and advertising that they function in up to 33 feet (for the Stylus 1030 SW) or 10 feet (for the Stylus 850 SW) of water and stating and advertising that they could withstand drops of 6.6 feet (for the Stylus 1030 SW) or 5 feet (for the Stylus 850 SW);

b.     Whether Olympus misrepresented that the Stylus SW cameras were of a particular standard, quality or grade (with regard to waterproof and shockproof qualities) when they were of another;

c.     Whether Olympus knew or should have known of the inherent design or manufacturing defects in its Stylus SW cameras;

d.      Whether the Stylus SW cameras and battery card covers and/or battery card cover latches manufactured by Olympus are defectively designed or manufactured such that they are not suitable for their intended use;

e.      Whether Olympus fraudulently concealed from and failed to disclose to Plaintiffs and the Class the inherent problems with its Stylus SW cameras;

f.      Whether Olympus had a duty to Plaintiffs and the Class to disclose the inherent problems with its Stylus SW cameras;

g.      Whether the facts concealed and  not disclosed by Defendant to Plaintiff and the Class are material;

h.      Whether as a result of Defendant's concealment and failure to disclose material facts, Plaintiffs and the Class acted to their detriment by purchasing defective Stylus SW cameras manufactured by Defendant;

i.      Whether Defendant failed to adequately warn Plaintiff and the Class regarding the limitations of its Stylus SW cameras;

j.      Whether Defendant engaged in unfair competition or unfair deceptive acts or practices when it concealed the limitations and failed to warn Plaintiff and proposed Class Members of the defects in its Stylus SW cameras;

k.      Whether Defendant engaged in unfair competition or unfair deceptive acts or practices when it included, post-purchase, a warranty for the Stylus SW cameras which explicitly excluded defects or damage related to impact or liquid exposure, even though Defendant focused its advertising on the Stylus SW cameras' capacity to withstand those very same factors.

l.      Whether Defendant's conduct in marketing and selling its Stylus SW cameras constitutes a violation of the Consumers Legal Remedies Act, California Civil Code section 1750 *et seq.;*

m.    Whether Defendant's conduct in marketing and selling its Stylus SW constitutes a violation of the Unfair Business Practices Act, California Business & Professions Code section 17200 *et seq.;*

n.    Whether Defendant should be declared financially responsible for notifying all Class Members of the problems with its Stylus SW cameras and for the costs and expenses of repair and replacement of Stylus SW cameras;

o.    Whether Plaintiff and the Class are entitled to compensatory, exemplary and statutory damages and the amount of such damages as a result of the defects;

p.    Whether Plaintiff and the Class are entitled to replacement of their defective Stylus SW cameras with non-defective Stylus SW cameras; and

q.    Whether Defendant should be ordered to disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of defective Stylus SW cameras, or to make full restitution to Plaintiff and the Members of the Class.

43.    <u>Adequate Representation</u>: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting consumer class actions - specifically actions involving defective products. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor her counsel has any interest adverse to those of the Class.

44.    <u>Predominance and Superiority</u>: Plaintiff and the Members of the Class have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Members of the Class would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Member's claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's

misconduct. Absent a class action, Class Members will continue to incur damages and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

## VIII.  FIRST CLAIM FOR RELIEF
### (Violation of California's Consumers Legal Remedies Act, California Civil Code section 1750 *et seq.*)

45.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

46.     Defendant is a "person" as defined by Civil Code section 1761(c).

47.     Plaintiff and Class Members are consumers who purchased the Olympus Stylus SW cameras.

48.     By failing to disclose and concealing the Stylus SW defects, Olympus violated Civil Code section 1770(a), as it represented that its Stylus SW cameras had characteristics and benefits that they do not have, and represented that its Stylus SW cameras were of a particular standard, quality or grade when they were of another. (*See* Civ. Code §§ l 770(a)(5, 7)). Olympus represented that the Stylus SW cameras are "shockproof" and "waterproof." Specifically, Olympus's website and company materials state that the Stylus 1030 SW can withstand a 6.6 foot drop and can function up to 33 feet under water.  Olympus's website and company materials state that the Stylus 850 SW can withstand a 5 foot drop and can function up to 10 feet under water.  The Stylus SW cameras do not have these characteristics and benefits.  In addition, they are not of the standard, quality or grade to withstand these drops and water levels.

49.     Olympus violated Civil Code 1770(a) by excluding from its warranty the very characteristics and benefits it represented the Stylus SW cameras had in advertisements, marketing materials, and on its website.  Specifically, Olympus's warranty excludes defects or

damages from "impact" and "liquids" even though its marketing materials explicitly state that the Stylus 1030 SW can withstand a 6.6 foot drop and can function up to 33 feet under water and that the Stylus 850 SW can withstand a 5 foot drop and can function up to 10 feet under water.

50. Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, were capable of deceiving a substantial portion of the purchasing public and imposed a serious financial risk on the public.

51. Defendant knew but failed to disclose that its Stylus SW cameras were defectively designed or manufactured, would fail prematurely when used as advertised and were not suitable for their intended use.

52. Defendant was under a duty to Plaintiff and the Class to disclose the defective nature of Stylus SW cameras because:

a. Defendant marketed the Stylus SW cameras as waterproof and shockproof;

b. Defendant made material representations that the Stylus cameras could withstand drops of 6.6 feet (for the Stylus 1030 SW) or 5 feet (for the Stylus 850 SW) and could function in water as deep as 33 feet (for the Stylus 1030 SW) or 10 feet (for the Stylus 850 SW);

c. Defendant was in a superior position to know the true state of facts about the defects in the Stylus SW cameras;

d. Plaintiff and the Class Members could not reasonably have been expected to learn or discover that the Stylus SW camera had defects until manifestation of the failure; and

e. Defendant knew that Plaintiff and the Class Members could not reasonably have been expected to learn or discover the defects.

53.     In failing to disclose the Stylus SW defects, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

54.     The facts concealed or not disclosed by Defendant to Plaintiff and the Class are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase a Stylus SW camera in light of the representations that the Stylus SW cameras could withstand drops of 6.6 feet (for the Stylus 1030 SW) or 5 feet (for the Stylus 850 SW) and could function in water as deep as 33 feet (for the Stylus 1030 SW) or 10 feet (for the Stylus 850 SW). Plaintiff and reasonable consumers relied on the material misrepresentations and omissions.  Had Plaintiff and the Class known the defective nature of the Stylus SW cameras, they would not have purchased the Stylus SW cameras.

55.     Plaintiff and the Class reasonably expected their Stylus SW cameras to function properly in the manner advertised and for their intended use, which includes both underwater use and use that involves shock and impact.  That is the reasonable and objective consumer expectation for Stylus SW cameras due to the advertising for the Stylus SW cameras and the statements Olympus made about the Stylus SW cameras on its website and elsewhere on which Plaintiffs and reasonable consumers relied. As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

56.     Plaintiff and the Class are entitled to injunctive relief.

57.     Plaintiff has provided Olympus with notice of its alleged violations of the CLRA pursuant to Civil Code section 1782(a). If, within 30 days of the date of the notification letter, Olympus fails to provide appropriate relief for its violation of the CLRA, Plaintiff will amend this Complaint to seek compensatory, monetary, and punitive damages, in addition to equitable and injunctive relief.

## IX.  SECOND CLAIM FOR RELIEF
### (*Unlawful Business Practices,* Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code section 17200 *et seq.)*

58.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

59.     California Business & Professions Code section 17200 prohibits acts of "unfair competition," including any "unlawful" business practices.

60.     In advertisements, marketing materials and on its website, Defendant made material misrepresentations of the Stylus SW cameras' characteristics and benefits by stating and advertising that they have characteristics and benefits that they do not have.

61.     Defendant engaged in "unlawful" business practices by knowingly and intentionally failing to disclose to Plaintiff and the Class the defects inherent in the Stylus SW cameras and/or failing to repair or replace defective Stylus SW cameras.

62.     Defendant engaged in "unlawful" business practices by knowingly and intentionally excluding from its warranty the very characteristics and benefits it represented the Stylus SW cameras had in advertisements, marketing materials, and on its website.

63.     Defendant's acts and practices violated the UCL because they violate the Consumer Legal Remedies Act.

64.     Plaintiff and the Class reasonably expected the Stylus SW cameras to function properly when used as advertised. This is the reasonable and objective consumer expectation.

65.     Defendant knew its Stylus SW cameras were defectively designed or manufactured, would fail prematurely and were not suitable for their intended use as shockproof and waterproof cameras.

66.     In failing to disclose the defective Stylus SW cameras, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

67.     Defendant's "unlawful" acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

---

68.     Plaintiff and reasonable consumers relied on Defendant's material misrepresentations and omissions.  As a direct and proximate result of Defendant's "unlawful" and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

69.     Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to sections 17203 and 17204 of the Business & Professions Code.

### X.  THIRD CLAIM FOR RELIEF

**(*Unfair Business Practices,* Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code section 17200 *et seq.*)**

70.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

71.     California Business & Professions Code section 17200 prohibits acts of "unfair competition," which includes any "unfair" business practices.

72.     In advertisements, marketing materials and on its website, Defendant made material misrepresentations of the Stylus SW cameras' characteristics and benefits by stating and advertising that they have characteristics and benefits that they do not have.

73.     Defendant engaged in "unfair" business practices by knowingly and intentionally failing to disclose to Plaintiff and the Class the defects inherent in the Stylus SW cameras and/or failing to repair or replace defective Stylus SW cameras.

74.     Defendant engaged in "unfair" business practices by knowingly and intentionally excluding from its warranty the very characteristics and benefits it represented the Stylus SW cameras had in advertisements, marketing materials, and on its website.

75.     Plaintiff and the Class reasonably expected the Stylus SW cameras to function properly when used as advertised. This is the reasonable and objective consumer expectation.

76.     Defendant knew its Stylus SW cameras were defectively designed or manufactured, would fail prematurely and were not suitable for their intended use as shockproof and waterproof cameras.

77.     In failing to disclose the defective Stylus SW cameras, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

78.     Defendant's "unfair" acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public. Plaintiff and class members could not reasonably have protected themselves against the unfair practices.  There was no benefit that outweighed the harm caused by the unfair practices.

79.     Defendant's "unfair" business acts or practices violate established public policy reflected in the UCL and CLRA and are immoral, unethical, oppressive or unscrupulous.

80.     As a direct and proximate result of Defendant's "unfair" and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

81.     Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to sections 17203 and 17204 of the Business & Professions Code.

## XI.  FOURTH CLAIM FOR RELIEF
### (*Fraudulent Business Practices,* Violation of California's Unfair Competition Law ("UCL"),California Business & Professions Code section 17200 *et seq.*)

82.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

83.     California Business & Professions Code section 17200 prohibits acts of "unfair competition," which includes any "fraudulent" business practices, or acts.

84.     In advertisements, marketing materials and on its website, Defendant made material misrepresentations of the Stylus SW cameras' characteristics and benefits by stating and advertising that they have characteristics and benefits that they do not have.

---

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

85.    Defendant engaged in "fraudulent" business practices by knowingly and intentionally failing to disclose to Plaintiff and the Class the defects inherent in the Stylus SW cameras, failing to repair or replace defective Stylus SW cameras, accepting money to repair defective Stylus SW cameras notwithstanding Defendant's knowledge that the Stylus SW cameras were inherently defective, and/or failing to reimburse Class members who did pay for such repairs.

86.    Defendant engaged in "fraudulent" business practices by knowingly and intentionally excluding from its warranty the very characteristics and benefits it represented the Stylus SW cameras had in advertisements, marketing materials, and on its website.

87.    Plaintiff and the Class reasonably expected the Stylus SW cameras to function properly when used as advertised.  This is the reasonable and objective consumer expectation.

88.    Defendant knew its Stylus SW cameras were defectively designed or manufactured, would fail prematurely and were not suitable for their intended use as shockproof and waterproof cameras.

89.    In failing to disclose the defective Stylus SW cameras, Defendant knowingly and intentionally concealed material facts and breached its duty not to conceal material facts.

90.    Defendant engaged in "fraudulent" business acts and practices by failing to disclose to Plaintiff and the Class members Defendant's knowledge concerning the defects in the Stylus SW cameras.

91.    Defendant's "fraudulent" acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

92.    Plaintiff relied on Defendant's misrepresentations and omissions.  As a direct and proximate result of Defendant's "fraudulent" and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

93.     Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to sections 17203 and 17204 of the Business & Professions Code.

## XII.  FIFTH CLAIM FOR RELIEF

**(*False Advertising*, Violation of California's Unfair Competition Law ("UCL"),California Business & Professions Code section 17200 *et seq.*)**

94.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

95.     California Business & Professions Code section 17200 prohibits acts of "unfair competition," which includes "unfair, deceptive, untrue or misleading advertising" and acts prohibited by section 17500, which prohibits false advertising.

96.     With the intent to sell its Stylus SW cameras to unknowing consumers, Defendant made and/or disseminated and/or caused to be made or disseminated before the public in California, in publications and on the Internet, untrue or misleading statements concerning the durability, "shockproof" nature, and "waterproof" nature of Stylus SW cameras, which Defendant knew to be untrue or misleading.

97.     Defendant engaged in "unfair, deceptive, untrue or misleading advertising" by knowingly and intentionally making, disseminating, or causing to make or disseminate untrue or misleading statements that the Stylus SW cameras have characteristics and benefits that they do not have.

98.     Defendant engaged in "unfair, deceptive, untrue or misleading advertising" when it knowingly and intentionally excluded from its warranty the very characteristics and benefits it represented the Stylus SW cameras had in advertisements, marketing materials, and on its website.

99.     Plaintiff and the Class reasonably expected the Stylus SW cameras to function properly when used as advertised.  This is the reasonable and objective consumer expectation.

---

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

100.    Defendant knew its Stylus SW cameras were defectively designed or manufactured, would fail prematurely and were not suitable for their intended use as shockproof and waterproof cameras, yet it still made the untrue or misleading statements in its advertisements.

101.    In failing to disclose the defects in its Stylus SW cameras, Defendant knowingly and intentionally concealed material facts and breached its duty not to conceal material facts.

102.    Defendant engaged in "unfair, deceptive, untrue or misleading advertising" by knowingly and intentionally making, disseminating, or causing to make or disseminate untrue or misleading statements and by failing to disclose to Plaintiff and the Class members Defendant's knowledge concerning the defects in the Stylus SW cameras.

103.    Defendant's "unfair, deceptive, untrue or misleading advertising" occurred repeatedly in Defendant's trade or business, and was capable of deceiving a substantial portion of the purchasing public.

104.    As a direct and proximate result of Defendant's "unfair, deceptive, untrue or misleading advertising," Plaintiff and the Class have suffered and will continue to suffer actual damages.

105.    Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to sections 17203 and 17204 of the Business & Professions Code.

## XIII.  RELIEF REQUESTED

Plaintiff, on behalf of herself and all others similarly situated, requests the Court enter judgment against Defendant, as follows:

A.    An order certifying the proposed Plaintiff Class, designating Plaintiff as named representative of the Class and designating the undersigned as Class Counsel;

B.    A declaration that Defendant is financially responsible for notifying all Class Members of the problems with its Stylus SW cameras;

C.       An order enjoining Defendant from further deceptive distribution and sales practices with respect to its Stylus SW cameras, and to remove and replace Plaintiff's and Class Members' Stylus SW cameras with a suitable alternative product;

D.       An order enjoining Defendants from further deceptive and false advertising practices with respect to its Stylus SW cameras;

E.       An award to Plaintiff and the Class of compensatory, exemplary and statutory damages, including interest, in an amount to be proven at trial, except that for now, Plaintiff seeks only equitable and injunctive relief with respect to the claims under the California Consumers Legal Remedies Act, California Civil Code section 1750 *et seq.*;

F.       A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of its Stylus SW cameras, or to make full restitution to Plaintiffs and the Members of the Class;

G.       An award of attorneys' fees and costs, as allowed by law;

H.       An award of pre-judgment and post-judgment interest, as provided by law;

I.       Leave to amend the Complaint to conform to the evidence produced at trial; and

J.       Such other or further relief as may be appropriate under the circumstances.

## XIV.  DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: September 24, 2010.      By:   **/s/ Michael F. Ram**

                              Michael F. Ram, CSB #104805
                              Email:  mram@ramolson.com
                              Karl Olson, CSB #104760
                              Email:  kolson@ramolson.com
                              RAM & OLSON LLP
                              555 Montgomery Street, Suite 820
                              San Francisco, California  94111
                              Telephone:  415-433-4949
                              Facsimile:  415-433-7311

/ / /

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION

1

Beth E. Terrell, CSB #178181
Email: bterrell@tmdlegal.com
Marc C. Cote
Email:  mcote@tmdlegal.com
TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
Telephone:  206-816-6603
Facsimile:  206-350-3528

*Attorneys for Plaintiff and the Proposed Class*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION