1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEPHANIE MLEJNECKY,

11            Plaintiff,                    No. 2:10-cv-02630 JAM KJN

12       v.

13   OLYMPUS IMAGING AMERICA,
     INC.,

14
              Defendant.                    ORDER
15   _____/

16            Presently before the undersigned is defendant's motion for a protective order

17   seeking to stay the exchange of mandatory disclosures and discovery in this case on the basis that

18   a potentially dispositive motion to dismiss plaintiff's First Amended Complaint is set to be heard

19   by United States District Judge John A. Mendez on February 23, 2011.[1]  Specifically, defendant

20   requests a protective order to stay: (1) the requirement that defendant produce its initial

21   disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1); and (2) defendant's obligation

22   to respond to plaintiff's first set of interrogatories and requests for production, which plaintiff

23   served on defendant on December 7, 2010.

24            The court heard this matter on its law and motion calendar on February 3, 2011.

25   _____

26        [1]  This case was referred to the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1   (Minutes, Dkt. No. 27.)  Attorney Christopher M. Young appeared on behalf of defendant.

2   Attorney Beth E. Terrel appeared on behalf of plaintiff.  The undersigned has fully considered the

3   parties' submissions, oral arguments, and the record in this case and, for the reasons that follow,

4   denies defendant's motion for a protective order.  The parties shall exchange initial disclosures

5   on or before March 7, 2011, and defendant shall respond to plaintiff's discovery requests, as

6   narrowed by plaintiff, on or before March 21, 2011.  The undersigned also denies plaintiff's

7   request for attorney's fees and costs.

8   I.     BACKGROUND

9       A.     Procedural History and Plaintiff's First Amended Complaint

10           On September 28, 2010, plaintiff filed a Class Action Complaint For Injunctive

11   Relief and Restitution "for herself and on behalf of similarly situated persons in California who

12   purchased Olympus Stylus 1030 SW or Stylus 850 SW cameras manufactured and sold by"

13   defendant.  (Compl. ¶ 1, Dkt. No. 1.)  On October 13, 2010, the parties filed an initial stipulation

14   permitting defendant to respond to plaintiff's complaint on or before November 3, 2010.  (Dkt.

15   No. 10.)  On November 3, 2010, defendant filed a motion to dismiss plaintiff's complaint, and

16   noticed it for a hearing to take place on January 26, 2011, before Judge Mendez.[2]  (Mot. to

17   Dismiss Compl., Dkt. No. 12.)

18           In response to defendant's motion, plaintiff filed a First Amended Complaint on

19   November 23, 2010.  (First Am. Compl., Dkt. No. 16.)  The First Amended Complaint is the

20   operative complaint.

21           Generally, the First Amended Complaint alleges that defendant, which

22   manufactures, markets, and sells the Olympus Stylus 1030 SW and Stylus 850 SW cameras,

23   knowingly misrepresented in advertising and marketing materials that "the Stylus 1030 SW

24

25       [2]   At the hearing on defendant's motion for a protective order, defendant's counsel represented that defendant had sought the earliest available hearing date in regards to its motion to dismiss.  He stated that based on the available dates and the availability of counsel, the motion was

26   noticed for January 26, 2011.

cameras withstand drops of up to 6.6 feet and function in water up to 33 feet deep," and that "the Stylus 850 SW withstand drops of 5 feet and function in water up to 10 feet deep." (See First Am. Compl. ¶¶ 3-5.)  It alleges that defendant knowingly concealed common defects in these cameras relating to the "card cover and card cover latch" that cause the cameras to fail or malfunction when submerged in water or dropped.  (See id. ¶¶ 4-5.)  Plaintiff alleges that these defects exist despite the fact that defendant initially advertised these cameras using words such as "shockproof," "waterproof," "crushproof," "freezeproof," and "geronimoproof."  (See id. ¶ 23.) Moreover, plaintiff alleges that the cameras come with a one-year limited warranty that only warrants that the cameras "will be free from defects in materials and workmanship under normal use and service," and that plaintiff and proposed class-members did not see this limited warranty until after they received their cameras.  (See id. ¶¶ 32-33, 35.)  Plaintiff alleges that "the warranty excludes 'defects or damage to the Products resulting from . . . **liquid**, **impact**, [and] **battery leakage**' (emphasis added)."  (Id. ¶ 33.)

Specifically as to plaintiff, the First Amended Complaint alleges that plaintiff purchased a new Olympus Stylus 1030 SW camera on July 14, 2008, in reliance on defendant's advertising materials that made representations about the shockproof and waterproof aspects of Olympus Stylus SW cameras.  (See First Am. Compl. ¶ 8.)  Plaintiff alleges that she "did not see a copy of her camera's warranty or know of its provisions until after she received the camera and opened the package."  (Id. ¶ 9.)  Plaintiff further alleges that on September 2, 2010, after expiration of the limited warranty, she "dropped her camera while attempting to take a picture of her children inside her house."  (Id. ¶ 10.)  She alleges that "[a]lthough she dropped the camera from only about 3 feet above the ground, the plastic latch for the battery/card cover broke, preventing the cover from closing.  The message 'card cover open' appeared, and the cover simply would not latch closed, resulting in the camera being useless."  (Id.)  When plaintiff contacted defendant about the incident, defendant allegedly told plaintiff to send the camera to defendant for repairs, with a "ball park" estimate of $150 for the cost of repairs to be paid by

1    plaintiff.  (Id. ¶ 11.)  Defendant required plaintiff to pay for the repairs despite the fact that

2    plaintiff had dropped the camera at a height of three feet, and defendant's advertisements stated

3    that the camera could withstand a drop from 6.6 feet.  (See id.)

4          The First Amended Complaint alleges claims for: (1) knowing and intentional

5    concealment of defects pertaining to the shockproof and waterproof aspects of Stylus SW

6    cameras in violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code

7    §§ 1750 et seq.; (2) unlawful business practices pertaining to disclosures or omissions in

8    advertising and product warranties, in violation of California's Unfair Competition Law

9    ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (3) unfair business practices in violation of

10   the UCL; (4) fraudulent business practices in violation of the UCL; and (5) false advertising in

11   violation of the UCL.  (See First Am. Compl. ¶¶ 45-111.)

12         On December 8, 2010, defendant filed a motion to dismiss the First Amended

13   Complaint and noticed it for a hearing to take place on February 23, 2011.[3]  (Mot. to Dismiss

14   First Am. Compl., Dkt. No. 17.)  Relevant to the pending discovery motion, defendant's motion

15   to dismiss contends that plaintiff's First Amended Complaint should be dismissed in its entirety

16   because plaintiff: (1) lacks standing to bring her claims because she has not alleged any injury

17   caused by defendant; and (2) failed to plead all of her claims for relief with particularity, which

18   was required because plaintiff's claims are premised on allegations of fraud.[4]  (See Notice of

19   Mot. and Mot. to Dismiss First Am. Compl. at 2; Joint Statement at 4-7, 10-11.)

20   _____

21      [3]   At the hearing on defendant's motion for a protective order, defendant's counsel
     represented that defendant noticed the motion to dismiss plaintiff First Amended Complaint for the
22   earliest available hearing date.

23      [4]  Defendant makes several other arguments in its motion to dismiss, but defendant states that
     those other arguments are not potentially dispositive of the entire First Amended Complaint and, as
24   a result, defendant has not premised any of its contentions in favor of the requested stay on those
     other arguments.  (See Joint Statement Re Mot. for Protective Order ("Joint Statement") at 4 n.1
25   ("Olympus's motion to dismiss is also supported by two additional and alternative grounds for
     dismissing portions of Plaintiff's claims that, unlike the two grounds identified above, are not
26   dispositive of the entire action.").)

1    Plaintiff has not yet filed a written opposition to defendant's motion to dismiss.

2  Plaintiff must file a written opposition or statement of non-opposition on or before February 9,

3  2011.  See E. Dist. Local Rule 230(c).

4    Of note, the parties filed a joint status report looking ahead to class certification

5  and other matters.  (Joint Status Report, Dec. 13, 2010, Dkt. No. 18.)  On December 16, 2010,

6  Judge Mendez entered an interim scheduling order that provides: (1) plaintiffs motion for class

7  certification shall be filed on or before September 7, 2011; (2) defendant's opposition shall be

8  filed on or before November 9, 2011; (3) plaintiff's reply shall be filed on or before

9  November 23, 2011; and (4) the hearing on the motion for class certification is set for

10 Wednesday, December 7, 2011.  (Minute Order, Dec. 16, 2010, Dkt. No. 19.)

11    B.    The Discovery at Issue and Defendant's Motion For A Protective Order

12    While all of the pleading-related matters transpired, the discovery dispute

13 underlying the pending motion for a protective order brewed.  On December 6, 2010, the parties

14 conducted a conference pursuant to Federal Rule of Civil Procedure 26(f).  (Joint Status Report

15 ¶ 7.)  Plaintiff's portion of the Joint Status Report contends that initial disclosures should be

16 exchanged within 14 days of the Rule 26(f) conference, or December 20, 2010, as provided by

17 the Federal Rules of Civil Procedure.  (Id. ¶ 7(a).)  Defendant expressed the view that the

18 exchange of initial disclosures and discovery was premature in light of the pending, potentially

19 dispositive motion to dismiss the First Amended Complaint.  (Id.)

20    On December 7, 2010, plaintiff served her First Set of Interrogatories and

21 Requests for Production on defendant.  (Joint Statement, Ex. A, Dkt. No. 24 at 41-69.)  This

22 discovery consisted of 17 interrogatories and 36 requests for production of documents.

23    Defendant did not serve objections or responses to this discovery.  Instead, on

24 December 9, 2010, defendant's counsel sent a letter to plaintiff's counsel via e-mail stating

25 defendant's position that disclosures and discovery were premature and requesting that plaintiff

26 stipulate to a brief stay of discovery and initial disclosures.  (Joint Statement, Ex. B, Dkt. No. 24

1   at 71-72.)

2           Plaintiff's counsel responded by letter sent via e-mailed on December 13, 2010,

3   expressing disagreement regarding the basis for defendant's request for a stay.  (Joint Statement,

4   Ex. B, Dkt. No. 24 at 73-75.)  Plaintiff's counsel offered to limit discovery to the following

5   discovery requests: (1) interrogatory 5, and (2) requests for production 5, 6, 7, 10, 14, 17, 20, 21,

6   and 28.[5]  Plaintiff's counsel's letter stated, in part:

7           The above discovery requests are targeted at issues that are
        pertinent to this stage of the proceedings.  They concern issues relevant to
8       Olympus's recently filed motion to dismiss, including the common defects
        inherent in all Stylus SW cameras, Olympus's notice of the defects, and
9       Olympus's knowledge that it was making material misrepresentations and
        omissions.

10
            Furthermore, in the spirit of cooperation, we are willing to limit the
11      above requests even further at this stage by seeking only information
        related to 1) testing of the alleged waterproof and shockproof qualities of
12      the Stylus SW cameras; 2) complaints, claims, reported failures, and
        warranty claims limited only to the waterproof and shockproof qualities of
13      the Stylus SW cameras; and 3) failure of Stylus SW cameras related only
        to the waterproof and shockproof qualities of the Stylus SW cameras.

14

15  (Letter, Dec. 13, 2010, Ex. B to Joint Statement.)

16          On December 13, 2010, defendant's counsel declined plaintiff's invitation to

17  respond to plaintiff's discovery as limited and indicated that no initial disclosures would be

18  forthcoming.  (Joint Statement, Ex. B, Dkt. No. 24 at 76-77.)  Defendant's counsel also notified

19  _____

20          [5]   Interrogatory 5 asks: "Please list and describe ALL tests and/or analyses of any kind
    performed on the AFFECTED CAMERAS, whether by OLYMPUS or any third party, including
21  testing and/or analyses RELATING TO battery card cover and/or battery card cover latch design,
    manufacture, materials selection, compatibility of the battery card cover and/or battery card cover
22  latch with the AFFECTED CAMERA, durability, quality control, life expectancy, failure modes,
    propensity to fail, and/or the condition of the battery card cover and/or battery card cover latch."
    (Joint Statement, Ex. A.)

23
            Plaintiff's counsel's letter represents that the requests for production as limited seek
24  information pertaining to: "Tests and Analyses Performed on Olympus Stylus SW Cameras";
    "Complaints, Claims, Reported Failures, Warranty Claims, and Requests for Payment or Credit";
25  "Notices, Letters, Warranty Extensions, and Bulletins"; "Investigations and Analysis of Complaints
    and Claims"; "Failure and Replacement Rate"; and "Marketing, Advertising, Promotion, or Sale of
26  Olympus Stylus SW cameras."  (Letter, Dec. 13, 2010, Ex. B to Joint Statement.)

1  plaintiff that defendant intended to bring the matter before the court.

2          On December 17, 2010, defendant filed the pending motion for a protective order.

3  On January 24, 2011, the parties filed a timely joint statement re discovery disagreement

4  pursuant to Local Rule 251.[6]  (Dkt. No. 24.)

5  II.     LEGAL STANDARDS

6          Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain discovery

7  regarding any nonprivileged matter that is relevant to any party's claims or defense."  It further

8  states that "[r]elevant information need not be admissible at the trial if the discovery appears

9  reasonably calculated to lead to the discovery of admissible evidence."  Id.

10         However, there are limits to these general discovery principles.  Pursuant to

11 Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to

12 protect a party or person from annoyance, embarrassment, oppression, or undue burden or

13 expense."[7]  The party seeking the protective order has the burden "to 'show good cause' by

14 demonstrating harm or prejudice that will result from the discovery."[8]  Rivera v. NIBCO, Inc.,

15 364 F.3d 1057, 1063 (9th Cir. 2004) (citation omitted).  The Ninth Circuit Court of Appeals has

16

17         [6]  The Joint Statement appends "Plaintiff's First Set of Interrogatories and Requests for
18 Production to Defendant" (Ex. A) and the parties' correspondence regarding the current dispute (Ex.
   B).  Defendant separately filed a brief declaration of Michael R. Smith, one of defendant's in-house
19 attorneys, which declares that plaintiff's discovery seeks information that is "confidential,
   proprietary, and/or trade secret information." (Smith Decl. ¶ 3, Dkt. No. 25.) That declaration also
20 represents that plaintiff's discovery requests are subject to objections on relevance and overbreadth
   grounds, and that considerable time and expense will be required to respond.  (Id. ¶ 4.)

21         [7]  Moreover, Federal Rule of Civil Procedure 26(b)(2)(c) provides, in part: "On motion or
22 on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules
   or by local rule if it determines that: . . . (iii) the burden or expense of the proposed discovery
23 outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties'
   resources, the importance of the issues at stake in the action, and the importance of the discovery in
24 resolving the issues."

25         [8]  A motion seeking such relief "must include a certification that the movant has in good faith
   conferred or attempted to confer with other affected parties in an effort to resolve the dispute without
26 court action." Fed. R. Civ. P. 26(c)(1).  The parties' joint statement indicates that defendant has met
   this burden.

1   stated that "[a] party asserting good cause bears the burden, for each particular document it seeks

2   to protect, of showing that specific prejudice or harm will result if no protective order is

3   granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)

4   (emphasis added); see also Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.

5   1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,

6   do not satisfy the Rule 26(c) test" (citation and quotation marks omitted)).  "'If a court finds

7   particularized harm will result from disclosure of information to the public, then it balances the

8   public and private interests to decide whether a protective order is necessary.'" Rivera, 364 F.3d

9   at 1063-64 (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211

10  (9th Cir. 2002)).

11          The substantive standards applicable to a request to stay discovery pending

12  resolution of a potentially dispositive motion are discussed below.

13  III.    DISCUSSION

14          At the outset, there is no dispute that absent a stay of discovery, plaintiff is

15  entitled to receive defendant's initial disclosures and responses to its discovery requests.  With

16  respect to the exchange of initial disclosures, Federal Rule of Civil Procedure 26(a)(1)(c)

17  provides: "A party must make the initial disclosures at or within 14 days after the parties' Rule

18  26(f) conference unless a different time is set by stipulation or court order, or unless a party

19  objects during the conference that initial disclosures are not appropriate in this action and states

20  the objection in the proposed discovery plan."  As noted above, the parties conducted a

21  Rule 26(f) conference on December 6, 2010.  Absent a stay of discovery, the exchange of the

22  parties' initial disclosures should have occurred on December 20, 2010.

23          Regarding plaintiff's discovery requests, a party may generally seek discovery

24  from any source after the parties confer as required by Rule 26(f).  See Fed. R. Civ. P. 26(d)(1).

25  Here, plaintiff appropriately served discovery requests on defendant on December 7, 2010, one

26  day after the parties conducted their Rule 26(f) conference.

8

A.      The Standards Applicable To Motions To Stay Discovery

A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)).  Although defendant has used the proper vehicle to seek the requested relief, the parties disagree about the standard used to evaluate motions to stay discovery.  Defendant largely bases its proposed standard on decisions of the Ninth Circuit Court of Appeals and GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 287 (S.D. Cal. 2000) ("GTE Wireless").  Plaintiff relies on principles announced by the Ninth Circuit Court of Appeals and heavily relies on a standard announced in a decision of this court, Seven Springs Limited Partnership v. Fox Capital Management Corp., No. CIV S-07-0142 LKK GGH, 2007 WL 1146607 (E.D. Cal. Apr. 18, 2007) (unpublished) ("Seven Springs").  The parties' disagreement is not unexpected given the relatively uncertain standard to be applied.  See, e.g., Baker v. Ark. Blue Cross, No. C-08-03974 SBA (EDL), 2009 WL 904150, at *1 (N.D. Cal. Mar. 31, 2009) (unpublished) (noting the parties' contrasting views of the standard to be applied to a motion for a stay of discovery).

District courts may exercise "wide discretion in controlling discovery."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  The Ninth Circuit Court of Appeals has held that in a context of a pending motion to dismiss for failure to state a claim on which relief can be granted, a district court may enter a protective order staying discovery, on a showing of good cause, when the district court "is *convinced* that the plaintiff will be unable to state a claim for relief."  Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam) (emphasis added) (affirming district court's protective order staying discovery in light of a pending motion to dismiss where "there was a real question" whether the plaintiff's claim presented a substantive basis for vacating a prior judgment and plaintiff at no time alleged that any prejudice resulted

9

1  from the order), cert. denied, 455 U.S. 942 (1982); accord Wenger, 282 F.3d at 1077.  In terms of

2  policy, the Court of Appeals has stated that a "stay furthers the goal of efficiency for the court

3  and litigants."  Little, 863 F.2d at 685 (holding that on the facts presented, "discovery could not

4  have affected" the district court's preliminary decision regarding issues of immunity); cf. Rutman

5  Wine v. E. & J. Gallo Winery, 829 F.2d 729 (9th Cir. 1987) (stating, in the context of an antitrust

6  action, that "[i]t is sounder practice to determine whether there is any reasonable likelihood that

7  plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery").

8      However, as the parties here agree, the Federal Rules of Civil Procedure does not

9  provide for automatic or blanket stays of discovery when a potentially dispositive motion is

10  pending.  Indeed, district courts look unfavorably upon such blanket stays of discovery.  See, e.g.,

11  Seven Springs, 2007 WL 1146607, at *2; In re Valence Tech. Sec. Litig., No. C 94-1542-SC,

12  1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994) (unpublished); see also Skellercup Indus. Ltd.

13  v. City of L.A., 163 F.R.D. 598, 600-601 (C.D. Cal. 1995) ("Had the Federal Rules contemplated

14  that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would

15  contain a provision for that effect.  In fact, such a notion is directly at odds with the need for

16  expeditious resolution of litigation" (citation and quotation marks omitted).).  Additionally, a

17  motion for a protective order seeking to preclude discovery must be supported by "good cause"

18  and a "strong showing."  See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975);

19  accord Skellercup Indus. Ltd., 163 F.R.D. at 600; In re Valence Tech. Sec. Litig., 1994 WL

20  758688, at *2; see also Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("The

21  moving party must show a particular and specific need for the protective order, as opposed to

22  making stereotyped or conclusory statements.").

23      The Ninth Circuit Court of Appeals has not announced a clear standard against

24  which to evaluate a request or motion to stay discovery in the face of a pending, potentially

25  dispositive motion.  However, federal district courts in California, including this court, have

26  applied a two-part test when evaluating such a request for a stay.  First, the pending motion must

1   be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery

2   is aimed.  Second, the court must determine whether the pending, potentially dispositive motion

3   can be decided absent additional discovery.  If the moving party satisfies these two prongs, the

4   court may issue a protective order.  Discovery should proceed if either prong of the test is not

5   met.  Judges in the Eastern District of California and Northern District of California have applied

6   variations of this test with frequency.[9]  See, e.g., Cal. Sportfishing Prot. Alliance v. Chico Scrap

7   Metal, Inc., Civ. No. S-10-1207 GEB GGH, 2011 WL 130228, at *4 (E.D. Cal. Jan. 14, 2011)

8   (unpublished); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Resource Dev. Servs., Inc., No. C

9   10-01324 JF (PVT), 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (unpublished); Hall v.

10  Tilton, No. C 07-3233 RMW (PR), 2010 WL 539679, at *1 (N.D. Cal. Feb. 9, 2010)

11  (unpublished); Quest Commc'ns Corp. v. Herakles, LLC, No. 2:07-cv-00393-MCE-KJM, 2007

12  WL 2288299, at *2 (E.D. Cal. Aug. 8, 2007) (unpublished); Seven Springs, 2007 WL 1146607,

13  at *1-2; Quair v. Bega, No. CV F 02 5891 REC DLB, 2005 WL 552537, at *2 (E.D. Cal. Mar. 7,

14  2005) (unpublished);  Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 220

15  F.R.D. 349, 352 (N.D. Cal. 2003); Lowery v. FAA, No. CIV.S93 1352EJG/GGH, 1994 WL

16  912632, at *3 (E.D. Cal. Apr. 11, 1994) (unpublished).

17

---

18       [9]  In yet a third potentially applicable standard adopted by a judge of the Central District of California—which is not relied on by either party here—a court must evaluate a several factors on

19  a case-by-case basis to determine the propriety of a discovery stay.  See Skellercup Indus. Ltd., 163 F.R.D. at 601.  Under the test used in Skellercup Industries Ltd., the court stated that the following,

20  non-exhaustive list of factors should be considered:

21          "[T]he type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action;

22          whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or

23          stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant

24          circumstances."

25  Id. (modification in original) (quoting Hachette Distrib., Inc. v. Hudson County News Co., 136 F.R.D. 356, 358 (E.D.N.Y.1991)).  The undersigned does not adopt the approach from Skellercup

26  Industries Ltd.

1      Taking the second prong of the two-pronged test first, the parties here do not

2  dispute that the protective order staying discovery should not issue if the pending dispositive

3  motion cannot be decided without the discovery at issue.  Indeed, the Ninth Circuit Court of

4  Appeals has indicated that, under certain circumstances, a district court abuses its discretion if it

5  prevents a party from conducting discovery that is relevant to the basis for the potentially

6  dispositive motion.  See Alaska Cargo Transport, Inc. v. Alaska R.R. Corp., 5 F.3d 378, 383 (9th

7  Cir. 1993) (indicating that the district court would have abused its discretion in staying discovery

8  if the discovery sought during the pendency of the motion to dismiss was relevant to whether or

9  not the court had subject matter jurisdiction); Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987)

10  (holding that the district court did not abuse its discretion by denying discovery when the

11  complaint did not raise factual issues that required discovery for their resolution) (citing Rae v.

12  Union Bank, 725 F.2d 478, 481 (9th Cir. 1984)).

13      The parties' dispute over the applicable standard centers on the first prong of the

14  test.[10]  Relying on GTE Wireless, a decision from the Southern District of California, defendant

15  argues that it need only demonstrate that there is a "clear possibility" that the potentially

16  dispositive motion will be granted.  (Joint Statement at 9-10 (citing GTE Wireless, 192 F.R.D. at

17  287.)  In GTE Wireless, the defendant filed a motion for a partial stay of discovery pending

18  resolution of defendant's motion for partial summary adjudication, and the magistrate judge

19  initially ruled on the motion for a partial stay.  Id. at 285.  In ruling on the motion, the magistrate

20  judge inquired whether it was "immediately evident" or a "foregone conclusion" that defendant's

21  motion would be successful and concluded that the stay was not warranted.  Id. at 287.  On

22  reconsideration, however, the district judge found that the magistrate judge applied an incorrect

23  and overly stringent standard.  The district judge concluded that the appropriate inquiry was

24  _____

25      [10]  As noted above, this is a not uncommon dispute in regards to motions seeking a stay of
   discovery.  See, e.g., Baker, 2009 WL 904150, at *1; Quest Commc'ns Corp., 2007 WL 2288299,
26  at *2.

12

whether there appears to be "an immediate and clear possibility" that the potentially dispositive motion would be granted after taking a "peek" at the merits of that motion.[11]  See id. at 287 & n.3.[12]

Plaintiff focuses on the standard from Wood that provides that a district court may stay discovery upon the filing of a potentially dispositive motion when the court is "*convinced*" that the plaintiff will be unable to state a claim for relief.  Wood, 644 F.2d at 801; see also Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989) ("To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim . . . .") (citing Wood, 644 F.2d at 801).  Furthermore, plaintiff relies heavily on a novel standard announced in Seven Springs, which requires that the defendant show "by clear and convincing evidence, that it will prevail on the merits of its dispositive motion." Seven Springs, 2007 WL 1146607, at *2.  In announcing the "clear and convincing evidence" standard, the court in Seven Springs was attempting to strike a balance between disfavored

---

[11]  In arriving at their respective standards, both the magistrate judge and district judge in GTE Wireless relied on Feldman v. Flood, 176 F.R.D. 651 (M.D. Fla. 1997).  The district judge adopted the "immediate and clear possibility" standard with no discussion regarding why it was the most appropriate standard, or any discussion of other standards that might apply.  See GTE Wireless, 192 F.R.D. at 287 n.3 ("The Ninth Circuit has offered no specific guidance on the standard to be employed on a motion to stay discovery pending the outcome of a summary judgment motion other than that a court may, at its discretion, stay discovery pending the adjudication of that motion. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  The Court finds the 'immediate and clear' possibility standard set forth by *Feldman* to be appropriate here.").

[12]  Defendant also suggests that the United States Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), supports a stay because, there, the Court stated that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation and quotations omitted).  (See Joint Statement at 4.)  Two district judges in the Northern District of California have appropriately concluded that although the Court in Twombly focused in part on a plaintiff's ability to plead a plausible claim before costly antitrust discovery commenced, it did not enact an automatic, blanket stay of discovery not otherwise provided for in the Federal Rules of Civil Procedure. See In re Flash Memory Antitrust Litig., No. C 07-0086 SBA, 2008 WL 62278, at *3 (N.D. Cal. Jan. 4, 2008) (unpublished); In re Graphics Processing Units Antitrust Litig., No. C 06-07417 WHA, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007) (unpublished).  The undersigned agrees that Twombly does not, as a general matter, support a stay of discovery whenever a potentially dispositive motion to dismiss has been filed.

blanket stays of discovery and wasteful and burdensome early discovery.  <u>See</u> <u>id</u>. ("[T]he precise standard that this court will use in exercising its discretion to stay discovery herein is whether [defendant] has shown, by clear and convincing evidence, that it will prevail on the merits of its dispositive motion.  Any lesser standard encourages blanket discovery stays where such stays are probably not warranted; any stricter standard unnecessarily tasks the parties with discovery that will probably not be necessary.").  And although initially framed as a "clear and convincing evidence" standard, the court later referred to a "clear and convincing showing."[13] <u>Id</u>. at *4.

Here, the undersigned need not resolve the parties' conflict over the applicable standard.  As briefly discussed below, the undersigned concludes that under either the "clear and convincing" standard or the "immediate and clear possibility" standard, defendant has not demonstrated that a protective order staying disclosures and discovery is appropriate.  In concluding that a stay is inappropriate here, the undersigned has preliminarily reviewed the merits of the underlying motion to dismiss.  District courts have consistently found that a judge deciding whether to issue a stay of discovery should take a "peek" at the merits of the potentially dispositive motion in evaluating whether a stay should issue.  <u>See</u>, <u>e.g.</u>, <u>Quest Commc'ns Corp.</u>, 2007 WL 2288299, at *2; <u>Seven Springs</u>, 2007 WL 1146607, at *2; <u>GTE Wireless, Inc.</u>, 192 F.R.D. at 286.  The undersigned recognizes the awkward nature of this review procedure here.  First, the undersigned is *not* the judge who will hear and resolve defendant's motion to dismiss plaintiff's First Amended Complaint.  That responsibility belongs only to Judge Mendez, and Judge Mendez may take a different view of the merits.  Second, plaintiff has not yet filed a written opposition to defendant's motion to dismiss; plaintiff's opposition is not due until February 9, 2011.  In any event, the undesigned next turns to the merits of defendant's motion to dismiss and the two-step test described above.

---

[13]  The phrase "clear and convincing *evidence*" is a somewhat unfortunate framing of the standard, especially in the context of a request to stay discovery pending resolution of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

1        B.     <u>Evaluation of Defendant's Motion For A Protective Order</u>

2           1.     <u>Defendant Has Not Demonstrated An Immediate and Clear Possibility that</u>

3                    <u>Its Motion to Dismiss Will Be Granted</u>

4       Even applying the test forwarded by defendant, defendant has not demonstrated an

5 immediate and clear possibility that its motion to dismiss will be granted.[14]  Defendant argues

6 that its motion to dismiss will be granted for two reasons.  First, defendant contends that plaintiff

7 lacks standing to pursue her CLRA and UCL claims because she has not suffered an injury as a

8 result of the challenged conduct.  (Joint Statement at 5-6, 10-11.)  Second, defendant contends

9 that plaintiff cannot sufficiently plead fraud in connection with her claims and, accordingly, all of

10 plaintiff's claims fail.  (Joint Statement at 6-7, 11-12.)

11       Defendant's first argument that it has an immediate and clear possibility of

12 success on its motion to dismiss is that plaintiff lacks standing to pursue CLRA and UCL claims

13 because she cannot adequately plead an injury caused by defendant.  Defendant relies on the fact

14 that the damage to plaintiff's camera occurred after the expiration of the one-year warranty.  As

15 related by the district court in <u>Oestreicher v. Alienware Corp.</u>, 544 F. Supp. 2d 964, 696 (N.D.

16 Cal. 2008), the California Court of Appeal in the oft-cited decision <u>Daugherty v. American</u>

17 <u>Honda Motor Co.</u>, 144 Cal. App. 4th 824, 51 Cal. Rptr. 3d 118 (Ct. App. 2006), "expressly

18 rejected the notion that a manufacturer can be liable under the CLRA for failure to disclose itself

19 after expiration of the warranty period."  However, as noted in <u>Oestreicher</u>, the court in

20 <u>Daugherty</u> "created exceptions if: 1) the omission is 'contrary to a representation actually made

21 by the defendant'; or 2) the omission pertains to 'a fact the defendant was obligated to disclose.'"

22 <u>Oestreicher</u>, 544 F. Supp. 2d at 696 (quoting <u>Daugherty</u>, 144 Cal. App. 4th at 835); <u>accord</u> <u>In re</u>

23

---

24     [14]  The undersigned's discussion of the merits of defendant's motion to dismiss is based on
a limited review of the merits of defendant's motion and is intentionally brief.  Thus, the parties are

25 cautioned against relying on the comments provided here in arguing the motion to dismiss before
Judge Mendez.  The discussion here is intended for the very limited purpose of evaluating issues

26 pertaining to the stay of discovery.

1  <u>Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.</u>, Nos. 08-
2  CV-2276-IEG (WVG), 09-CV-0620-IEG (WVG), 09-CV-0736-IEG (WVG), 09-CV-2703-IEG
3  (WVG), 2010 WL 4892114, at *10 (S.D. Cal. Nov. 30, 2010) (unpublished).

4           Here, plaintiff contends that her case fits within the first exception from
5  <u>Daugherty</u> in that the defect at issue—breakage of the card cover upon impact or submersion in
6  water—is contrary to defendant's advertisements cited by plaintiff in her First Amended
7  Complaint, which make representations about the waterproof and shockproof characteristics of
8  the cameras at issue.  The undersigned agrees with plaintiff, at least after "peeking" at the merits
9  of the motion to dismiss, that her claim fits within the first exception.  Defendant has not
10 rebutted plaintiff's argument that she fits within the exception stated in <u>Daugherty</u> and
11 subsequent cases.  At a minimum, there is no immediate and clear possibility that defendant's
12 standing-related argument will dispose of all of plaintiff's claims.

13          Defendant also argues that a stay may issue because it will successfully dispose of
14 plaintiff's First Amended Complaint on the grounds that plaintiff has not pled allegations of
15 fraud, which underlie all of plaintiff's claims, with particularity.  Defendant contends that
16 plaintiff cannot properly plead a misrepresentation where defendant's statements relied on by
17 plaintiff were consistent with the products' warranties.  It specifically contends that defendant's
18 advertisements were consistent with the warranty that defendant's cameras were able to "operate
19 in water at depths up to 10 meters and sustain accidental impact for one year."  (Joint Statement
20 at 6.)

21          As an initial matter, plaintiff does not allege in her First Amended Complaint that
22 defendant's advertisements represent that the cameras will be waterproof or shock proof for "one
23 year."  Defendant's argument to the contrary is somewhat misleading.

24          Upon a preliminary review of the merits, plaintiff's First Amended Complaint
25 pleads fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b).  Briefly
26 stated, plaintiff has alleged the who, what, when, where, and how of the misconduct charged.

1    See <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009).  Plaintiff alleges that

2    defendant concealed a defect that was contrary to defendant's specific representations in

3    advertising.  The undersigned need not delve into each element of the fraud claim because even if

4    plaintiff failed to plead fraud with particularity and her First Amended Complaint was dismissed,

5    the undersigned anticipates that Judge Mendez would grant leave to amend.

6              For these reasons, the undersigned concludes that defendant has not demonstrated

7    an immediate and clear possibility that its motion will dispose of plaintiff's claims altogether.  To

8    use the language of the Ninth Circuit Court of Appeals, the undersigned is not convinced that the

9    plaintiff will be unable to state a claim for relief.  <u>See</u> <u>Wood</u>, 644 F.2d at 801.  Accordingly,

10   defendant has failed to meet its burden on the first prong of the two-pronged test, and defendant's

11   motion for a protective order is denied.

12             2.      <u>The Pending Motion to Dismiss Can Be Decided Absent Discovery</u>

13           Because the undersigned concludes that defendant has not met its burden under

14   the first step of the two-part test, the undersigned need not address whether the pending motion

15   to dismiss can be decided absent discovery.  Nevertheless, the undersigned concludes that

16   plaintiff cannot seriously contend that Judge Mendez would be unable to resolve defendant's

17   motion to dismiss without the discovery sought.

18           As an initial matter, plaintiff does not actually argue that the motion to dismiss

19   cannot be decided absent discovery.  She only argues that discovery sought is "relevant" to the

20   disposition of the motion to dismiss, with the suggestion that the discovery could aid plaintiff in

21   curing any potential pleading deficiencies.  (<u>See</u> Joint Statement at 23-24.)  Plaintiff misinterprets

22   the standard and, accordingly, her argument is not well-taken.  Additionally, defendant's motion

23   to dismiss is premised on plaintiff's purported insufficient *allegations*, not insufficient proof.

24   Moreover, plaintiff has not asserted that any of the potential discovery responses or documents

25   produced in response to discovery would be the proper subject of judicial notice or otherwise

26   subject to consideration on a motion to dismiss pursuant to Rule 12(b)(6).  Accordingly, the

undersigned concludes, without more, that defendant's motion can be decided without the discovery sought by plaintiff.

IV.    CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1.      Defendant's motion for a protective order (Dkt. No. 20) is denied.

2.      The parties shall exchange their mandatory initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before March 7, 2011.

3.      Defendant shall respond to plaintiff's First Set of Interrogatories and Requests for Production, as narrowed by plaintiff during the parties' efforts to meet and confer, on or before March 21, 2011.[15]

4.      Plaintiff's request for attorney's fees and costs is denied.

IT IS SO ORDERED.

DATED:  February 7, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[15]  To the extent that the parties believe that some of the discovery propounded by plaintiff will result in the disclosure of confidential or proprietary business information, the undersigned encourages the parties to discuss and enter into a private stipulated protective order rather than bringing the matter before the court in the first instance.  Although a private agreement between the parties should prove workable in light of the parties' apparent cooperation to date, any request for approval of a stipulated protective order by the court must conform with the court's Local Rules, including Local Rule 144.1.