UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE MLEJNECKY, ) | Case No. 2:10-CV-02630 JAM-KJN |
| ) Plaintiff, ) | |
| ) v. ) | <u>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS</u> |
| ) OLYMPUS IMAGING AMERICA INC., ) | |
| ) Defendant. ) | |

This matter comes before the Court on Defendant Olympus Imaging America Inc.'s ("Defendant") Motion to Dismiss (Doc. #17) Plaintiff Stefanie Mlejnecky's ("Plaintiff") First Amended Complaint ("FAC")(Doc. #16).  Plaintiff opposes the motion.[1]

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff purchased a new Stylus 1030 SW camera in July 2008 after viewing an advertisement in <u>Parents Magazine</u>.  The advertisement stated that the cameras were "the world's toughest digital cameras – waterproof to 33 feet [and] shockproof from

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for February 23, 2011.

1

1  6.6 feet. . . ." FAC at 3:3-4. In July 2008, after viewing
2  the advertisement in Parents Magazine, Plaintiff visited
3  Defendant's website, which allegedly contained the same
4  statements regarding the cameras. Based on the advertisement
5  and statements on Defendant's website, Plaintiff purchased the
6  Stylus 1030 SW. Plaintiff did not see a copy of the camera's
7  warranty or know its provisions until after she received the
8  camera and opened the package.
9      On September 2, 2010, Plaintiff dropped her camera.
10 Plaintiff claims that although she dropped the camera from about
11 3 feet above the ground, the plastic latch for the battery/card
12 cover broke, preventing the cover from closing. The message
13 "card cover open" appeared, and the cover would not close,
14 making the camera inoperative. Soon after the incident,
15 Plaintiff called Defendant to report the camera's defect and
16 obtain repair or replacement of her camera. An Olympus
17 representative informed her that she would have to pay around
18 $150 for repairs.
19     Plaintiff brings this lawsuit as a class action. The
20 Complaint alleges five causes of action: 1) Violation of
21 California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ.
22 Code section 1750 et seq.; (2) Unlawful business practices,
23 violation of California's Unfair Competition Law ("UCL"), Cal.
24 Bus. & Prof. Code section 17200, et seq.; (3) Unfair business
25 practices, violation of UCL; (4) Fraudulent business practices,
26 violation of UCL; and (5) False advertising, violation of UCL.
27 The Court has jurisdiction under 28 U.S.C. § 1332.
28

II.   OPINION

A.   Legal Standard

1.   Standing

The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Allen v. Wright, 468 U.S. 737, 750 (1984). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 377 (1994). Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication. Chandler v. State Farm Mutual Automobile Insurance Co., 598 F.3d 1115, 1122 (9th Cir. 2010). Because standing pertains to federal courts' subject matter jurisdiction, it is properly raised in a 12(b)(1) motion to dismiss. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

2.   Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to

plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rules of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.   Claims for Relief

1.   Injury Sufficient to Confer Standing

Defendant characterizes Plaintiff's lawsuit as a post-warranty action and argues that she generally lacks standing because her camera broke more than a year beyond the expiration of the warranty and she does not allege that there was a safety issue or a representation about the lifespan of the product that would give her standing to assert a post-warranty claim. Defendant further argues that the challenged representations reiterate the terms of the express warranty, which warrants the camera's ability to operate in water at depths of up to 10 meters and sustain accidental impact for one year. Defendant also contends that in the absence of representations contradicting the terms of the warranty, "the only expectation buyers could have had about the [product] was that it would function properly for the length of [the] express warranty, and

4

it did." Daugherty v. American Honda Motor Co., Inc., 144 Cal.App.4th 824, 838 (Cal.App.Ct.2d 2006). Thus, by framing Plaintiff's lawsuit as a post-warranty action, Defendant argues that Plaintiff's claims are barred because she has no standing to assert an injury for a defect arising after the warranty expired.

Plaintiff counters that this is not a post-warranty action, but an affirmative misrepresentation lawsuit. Plaintiff argues that Defendant's representations that the Stylus SW cameras are waterproof and shockproof are untrue and that Defendant's failure to disclose the defects inherent in its Stylus SW cameras run counter to those affirmative misrepresentations. Plaintiff also avers that Defendant's express warranty excludes defects and damage caused by shock and water exposure. Thus, Plaintiff contends that Defendant cannot point to the expiration of a warranty that never covered the defects in the first place to insulate it from liability for fraudulent misrepresentations regarding the cameras' characteristics. See Fundin v. Chicago Pneumatic Tool Co., 152 Cal.App.3d 951, 958 (Cal.App.Ct.4d 1984) (finding that where a product has been described by its manufacturer as having certain detailed capacities under certain conditions, it would be both unfair and unreasonable to disclaim those features in the express warranty); see also In re Toyota Motor Corp., No. 8:10ML 021515, 2010 WL 4867562, *13 (C.D. Cal. Nov. 30, 2010) (concluding warranty based defenses do not preclude standing even if the warranty covered the defect in question).

Under California law, where a manufacturer of consumer

goods has warranted a product for a limited period, the manufacturer is liable under the CLRA or UCL for failing to disclose information about a defect that manifests itself outside the express warranty period when (1) the omitted fact runs counter to a representation made by the defendant, or (2) the defendant had a duty to disclose the omitted information.  Daughtery, 144 Cal.App.4th at 835.

The Court finds that Plaintiff's FAC asserts affirmative misrepresentation claims, not a post-warranty case.  Unlike the plaintiffs in Daugherty, the principle case upon which Defendant relies, Plaintiff is not alleging a breach of an express warranty or a violation of the Manuson-Moss Warranty-Federal Trade Commission Improvement Act.  Additionally, the facts in Daugherty are dissimilar to the facts in the instant case.  In Daugherty, Plaintiffs alleged that Honda's F22 engine had a defect which manifested after the express warranty expired.  Here, Plaintiff alleges that the defect is inherent in the product.  Finally, and most significantly, the Daugherty court summarizes and agrees with the holding of Outboard Marine Corp. v. Superior Court, 52 Cal.App.3d 30 (Cal.App.Ct.3d 1975).  In Outboard Marine, the plaintiff alleged that the defendant had represented its off-road vehicles as able to climb very steep hills, drive on the sides of hills, and safely descent very steep grades.  Outboard Marine, 52 Cal.App.3d at 34.  The plaintiff also alleged that defendant knew, but failed to disclose, that the vehicle "would not operate within 'its design criteria,'" "would roll over forward on a downgrade," and that "its braking system was totally defective."  Id.  The Outboard

6

Marine court denied the defendant's motion to dismiss, holding that the CLRA "includes a proscription against the concealment of the characteristics, use, benefit, or quality of the goods contrary to that represented." Id. at 37.  The difference between this case, Outboard Marine, and Daughtery, is that in the instant case and in Outboard Marine, plaintiffs allege a concealment of characteristics or quality contrary to that represented, but in Daugherty, no representation was made to which the alleged concealment was contrary.  Daughtery, 144 Cal.App.4th at 834.  Therefore, because the Court finds that Plaintiff's case is based on an affirmative misrepresentation theory, and not a post-warranty theory, Defendant's Motion to Dismiss the entire FAC on general lack of standing grounds is DENIED.

        2.    Standing Under the CLRA and UCL

In addition to its general lack of standing argument, Defendant contends that Plaintiff lacks standing under the CLRA and UCL on numerous grounds discussed below.  Plaintiff responds that she has sufficiently pled enough facts to give her standing.

        a)    Injury In Fact

Defendant argues that Plaintiff has not alleged an injury sufficient to confer standing under the UCL and CLRA.  Plaintiff counters that she has standing based on Defendant's affirmative misrepresentations.

To have standing under the UCL, as well as to serve as a class representative, plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury

in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." Kwikset Corp. v. Superior Court, --- Cal. Rptr.3d ---, 2011 WL 240278, at *5 (Cal. Jan. 27, 2011). Under the CLRA, Plaintiff must show a tangible increased cost or burden resulting from an alleged unlawful practice. Cal. Civ. Code § 1780(a); Meyer v. Sprint Spectrum L.P., 45 Cal.4th 634, 643 (Cal. 2009) (holding that the CLRA only applies when an allegedly unlawful practice results in a tangible increased cost or burden to the consumer).

Plaintiff alleges that Defendant affirmatively represented in advertisements and on its website that the Olympus Stylus SW cameras were "waterproof to 33 feet" and "shockproof from 6.6 feet." FAC ¶ 8. Plaintiff alleges those representations are false. FAC ¶ 3, 48, 62, 75, 88, 101-02. She alleges that she saw the false statements in an advertisement and on Defendant's website and she relied on those statements in purchasing her Stylus 1030 SW camera. FAC ¶ 8. She alleges she would not have purchased a Stylus SW camera had Defendant not made the misrepresentations in its advertisements and on its website. Id. Finally, Plaintiff alleges she was damaged when the camera turned out not to be as advertised. Id. Thus, taking all of these allegations as true, as the Court must, the Court finds that Plaintiff has properly alleged an injury, sufficient to confer standing for the Stylus 1030 SW, under the UCL and CLRA.

          b)    <u>Standing For a Product Plaintiff Did Not Purchase</u>

Plaintiff makes no allegations that she viewed any advertisements for the Stylus 850 SW or that she ever owned such a camera. Instead, Plaintiff argues she has standing because the Stylus 850 SW has the same underlying defects as the Stylus 1030 and Defendant used the same advertisement for all Stylus cameras.

District courts in this circuit have split over whether a named plaintiff has standing for a product she did not purchase. Defendant relies on <u>Johns v. Bayer Corp.</u>, No. 09-cv-1935, 2010 WL 476688, *4-5 (S.D.Cal. Feb. 9, 2010) which held that the plaintiff lacked standing to sue for a vitamin product he did not purchase, even though it contained the same alleged defect and was part of the same uniform advertising campaign as the vitamin product the plaintiff purchased. The court reasoned that plaintiff "cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon." <u>Johns</u> at *5. Plaintiff relies on two cases, <u>Carideo v. Dell, Inc.</u>, 706 F.Supp.2d 1122 (W.D. Wash. 2010) and <u>Hewlett-Packard v. Superior Court</u>, 167 Cal.App.4th 87 (Cal.App.Ct.6d 2008). In <u>Carideo</u>, the court allowed the complaint to include computer models that the named plaintiffs did not purchase, but for which the plaintiffs pleaded the same core factual allegations and causes of actions regarding the alleged defects in the computer models. 706 F.Supp.2d at 1134. In <u>Hewlett-Packard</u>, the court allowed a class action lawsuit to proceed past the class certification

stage based on a common defect in the HP notebook computers and their display screens where the named plaintiff had purchased one of the many models at issue.  167 Cal.App.4th at 89-91.

The Court finds Johns to be more persuasive than those cases relied upon by Plaintiff, because the Johns court's reasoning is more in line with the recent standard delineated by the California Supreme Court in Kwikset, 2011 WL 240278. Kwikset, discussed supra, held that to have standing, a plaintiff must allege an economic injury and must allege that the economic injury was caused by Defendant's unfair business practices.  See Kwikset, 2011 WL 240278 at *5.  Plaintiff does not claim that she suffered any economic injury from any alleged misrepresentations regarding the Stylus 850 SW.  Accordingly, the Court GRANTS, WITH LEAVE TO AMEND, Defendant's Motion to Dismiss Plaintiff's claims concerning the Stylus 850 SW.

          c)    Defects Plaintiff Did Not Experience

Plaintiff asserts claims based on the purported shockproof and waterproof features of the Stylus 1030 SW, despite making no allegation that her camera suffered from any defects relating to the waterproof feature.

Plaintiff relies on Falk v. General Motors Corp., 496 F.Supp.2d 1088 (N.D. Cal. 2007) to argue that the manner in which a product defect manifests is not material to whether a plaintiff may state a claim under the CLRA or UCL.  Falk is not persuasive.  While the court in Falk denied the motion to dismiss the CLRA and UCL claims based on defective speedometers that manifest the defect in different ways for different consumers, the named plaintiffs all alleged an injury stemming

10

from the defect.  In this case, Plaintiff has not alleged that she was affected in any way by the alleged misrepresentation that the Stylus 1030 SW is waterproof.  "[A] plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has been subject."  Blum v. Yaretsky, 457 U.S. 991, 999 (1982).  Accordingly, Defendant's Motion to Dismiss Plaintiff's claims to the extent they concern a defect she did not experience, i.e. that the Stylus 1030 SW is not waterproof, is GRANTED WITH LEAVE TO AMEND.

          d)    Advertising Plaintiff Did Not View

Plaintiff specifically identifies statements in the Parents Magazine advertisement and on Defendant's website that she relied on in purchasing her Stylus camera.  Defendant argues that Plaintiff lacks standing for her broad challenge of statements made in unspecified "marketing materials" and "other places."  FAC ¶¶ 24-25, 37.  The allegations concerning the Parents Magazine advertisement and Defendant's website are sufficient to confer Plaintiff's standing to challenge those representations.  However, she cannot broaden her argument to materials upon which she did not specifically rely.  See Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 1363-64 (Cal.App.Ct.4d 2010) (dismissing claim after plaintiff failed to allege that he relied on or viewed the website that he claimed contained misrepresentations).  Since Plaintiff does not allege a long-term advertising campaign or exposure to any other advertisements, Plaintiff lacks standing to sue Defendant for

advertisements and statements other than those she saw and relied upon. See In re Tobacco II Cases, 46 Cal.4th 298, 328 (Cal. 2009) (holding that where plaintiffs have been exposed to and had relied upon a long-term advertising campaign, they are not required to specify with detail which of the particular advertisements they relied upon). Accordingly, the Court finds that Plaintiff has standing to challenge only the representations made in the advertisements Plaintiff saw in Parents Magazine and on Defendant's website unless she can allege that she was exposed to a long-term advertising campaign. The Court GRANTS WITH LEAVE TO AMEND Defendant's Motion to Dismiss the allegations found in ¶¶ 24, 25 and 37 of the FAC concerning alleged statements made by Defendant in unspecified "marketing materials" and "other places".

### 3.   Claims Grounded in Fraud

Defendant argues that the FAC sounds in fraud and should be dismissed because Plaintiff fails to plead fraud with the particularity required by Rule 9(b) and Plaintiff fails to plead falsity and a failure to disclose. Plaintiff responds that she has alleged the fraud-based claims with specificity.

When allegations of fraud are made, Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud. . . ." FED.R.CIV.P. 9(b).

Rule 9(b) requires fraud claims to be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations omitted).

12

"Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). Plaintiffs must not only specify how alleged statements were false, but must specify how statements were false when they were made. In re Glenfed, Inc. Securities Litigation, 42 F.3d 1541, 1548-49 (9th Cir. 1994) (en banc), (superseded by statute on other grounds); Vess, 317 F.3d at 1106.

Plaintiff does not dispute that Rule 9(b) applies to her claims but argues that the FAC satisfies the heightened pleading requirements for the fraud-based claims. Contrary to Defendant's argument, the Court finds that the FAC repeatedly identifies Defendant as responsible for the alleged misrepresentations, it specifically identifies the substance of the alleged misrepresentations, it includes the specific month and year the alleged misrepresentations appeared in Parents Magazine and on Defendant's website, and it describes how the alleged misrepresentations are false. Thus, the FAC's fraud allegations are sufficiently specific to provide Defendant sufficient notice against Plaintiff's charges.

Plaintiff alleges that Defendant knew of the falsity of its alleged misrepresentations from the online reviews and complaints from consumers. "The requirements of Rule 9(b) may be 'relaxed as to matters peculiarly within the opposing party's knowledge,' if the plaintiffs cannot be expected to have personal knowledge of the facts prior to discovery." In re Gupta Corp. Securities Litigation, 900 F.Supp.1217, 1228 (N.D.

1  Cal 1994), quoting Wool v. Tandem Computers Inc., 818 F.2d 1433,
2  1439 (9th Cir. 1987).  "[T]he particularity requirements may be
3  satisfied if the allegations are accompanied by a statement of
4  the facts upon which the belief is founded."  Wool, 818 F.2d at
5  1439.  The FAC includes a detailed statement of the facts upon
6  which the belief is founded in the form of online reviews and
7  complaints from consumers.  Based on those reviews, Plaintiff
8  sufficiently pleads that Defendant was aware that its Stylus
9  cameras were not as shockproof as advertised to survive the
10 Motion to Dismiss.
11      Furthermore, because Plaintiff is alleging affirmative
12 material representations, she does not need to allege the useful
13 life of the product.  See Daugherty, 144 Cal.App.4th at 838
14 (citing Bardin v. DaimlerChrysler Corp., 136 Cal.App.4th 1255,
15 1275 (Cal.App.Ct.4d 2006).  Accordingly, Defendant's Motion to
16 Dismiss Plaintiff's FAC for failing to properly plead the
17 averments of fraud is DENIED.
18          4.   Unfair Business Practice
19      Defendant argues that Plaintiff's third claim for an
20 "unfair business practice" under the UCL fails because Plaintiff
21 does not tether her claims to any legislatively-declared public
22 policy.  Plaintiff responds that the tethering test does not
23 apply to claims brought by consumers alleging misleading
24 advertising.  In the alternative, she argues that she
25 sufficiently alleges an "unfair" claim under the UCL.
26      In Cel-Tech Communications, Inc. v. L.A. Cellular Telephone
27 Co., 20 Cal.4th 163, 180-81, (Cal. 1999), the California Supreme
28 Court ruled that conduct is "unfair" between business

competitors under the UCL only if it is "tethered" to an underlying law. Cel-Tech, 20 Cal.4th at 186-87. The California Supreme Court limited the context of its ruling by specifying that "[n]othing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as . . . untrue or misleading advertising." Id. at 187 n. 12. Whether the tethering test is applicable to allegations of unfair practices as applied to consumers, however, is not settled. California appellate courts have split on whether to apply the tethering test or an older balancing test to consumers alleging unfair business practices. Compare Gregory v. Albertson's, Inc., 104 Cal.App.4th 845, 854, 389 (Cal. App. Ct. 1d 2002) (applying tethering test to consumers); and Scripps Clinic v. Superior Court, 108 Cal.App.4th 917, 938 (Cal.App.Ct.4d 2003) (same); with Smith v. State Farm Mutual Automobile Insurance Co., 93 Cal.App.4th 700, 718-19 (Cal.App.Ct. 2d 2001) (applying balancing test). The Ninth Circuit has not stated its preference. See Lozano v. AT&T Wireless Services, Inc., 504 F.3d 718, 737 (9th Cir. 2007) (holding that the tethering test and the balancing test are not mutually exclusive and upholding the district court's application of the balancing test).

    The Court finds that the application of the balancing test to the case at bar is appropriate. This case involves a consumer alleging misrepresentation and the California Supreme Court specified that its holding does not apply to misleading advertisements. Plaintiff's allegation that Defendant's acts and practices cause injuries to consumers, which outweigh their

benefits, combined with the specific descriptions of harm faced by Plaintiff, is sufficient to survive a motion to dismiss. Furthermore, even if the Court were to find that tethering to public policy were required, Plaintiff adequately alleges tethering by stating that Defendant's unfair business acts or practices violate established public policy reflected in the UCL and CLRA, including but not limited to California Civil Code sections 1770(a)(5) and 1770(a)(7) and California Business and Professions Code section 175000.  Accordingly, Defendant's Motion to Dismiss the "unfair" claim (claim 3) is DENIED.

## III. ORDER

For the reasons set forth above,

Defendant's Motion to Dismiss the FAC for a generalized lack of standing is DENIED.

Defendant's Motion to Dismiss Plaintiff's FAC in so far as it concerns the Stylus 1030 SW and its shockproof features is DENIED.

Defendant's Motion to Dismiss Plaintiff's FAC in so far as it concerns the Stylus 850 SW, any waterproof defects of any camera, and any advertisements upon which Plaintiff did not specifically rely is GRANTED WITH LEAVE TO AMEND.

Defendant's Motion to Dismiss Plaintiff's FAC for failing to plead her fraud-based claims with specificity is DENIED.

Defendant's Motion to Dismiss Plaintiff's FAC for failing to allege facts supporting the elements of her "unfair" business claim is DENIED.

Plaintiff shall file her Second Amended Complaint within

twenty (20) days of the date of this Order.

    IT IS SO ORDERED.

Dated: April 18, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE