IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHANIE MLEJNECKY; GREG CLAYTOR,

        Plaintiffs,                No. 2:10-cv-02630 JAM KJN

    v.

OLYMPUS IMAGING AMERICA INC.,

        Defendant.              ORDER

        Presently before the court[1] is plaintiffs' motion to compel the disclosure of the names and contact information of defendant's customers who complained about the Olympus Stylus 1030SW cameras that are, among other models of cameras, at issue in this case (Dkt. No. 42).[2] The court heard this matter on its civil law and motion calendar on August 4, 2011. (Minutes, Dkt. No. 47.) Attorney Beth E. Terrell appeared on behalf of plaintiffs. Attorney Ryan T. Hansen appeared on behalf of defendant.

        At the hearing, the undersigned outlined a compromise proposal regarding a

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

[2] The phrase "complaining customers" is used throughout this order for the sake of convenience, but is not intended to characterize the nature of the complaints or the merits of the underlying case.

1

method of disclosing the complaining customers' names and contact information to plaintiffs' counsel that would balance plaintiffs' counsel's need for the customers' information with those customers' privacy rights provided by Article I, Section 1 of the California Constitution. See generally Pioneer Elecs. (USA), Inc. v. Superior Court, 40 Cal. 4th 360, 150 P.3d 198 (2007).  At the hearing, the parties' counsel provisionally agreed to the proposal, which includes an opportunity for the relevant complaining customers to "opt out" of further contact by counsel for plaintiffs or defendant in this case.  This proposal also required that the parties agree, if possible, on proposed language to be used in an initial e-mail communication to the complaining customers.  On August 5, 2011, the parties timely submitted to the court agreed-upon language to be used in the proposed e-mail to the complaining customers.[3]  (See Letter, Aug. 5, 2011, Dkt. No. 49.)  The parties' proposed language is approved by the court and shall serve as the basis for the initial communication with the complaining customers.

In light of the parties' agreement regarding the proposed communication with the complaining customers and the potential, subsequent disclosure of those customers' names and contact information, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel (Dkt. No. 42) is granted in part and denied in part.  No reasonable expenses incurred in connection with the motion to compel will be awarded because other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A)(iii).

2. Defendant's counsel shall provide plaintiffs' counsel with the names and e-mail addresses for the relevant list of defendant's complaining customers no later than 5:30 p.m. on Tuesday, August 9, 2011, unless the parties agree to a different deadline.[4]

---

[3] The undersigned appreciates the parties' respective attorneys' diligent efforts to meet and confer prior to the filing of the motion to compel, as well as the attorneys' professionalism, cooperation, and civility during and following the hearing.

[4] At the August 4, 2011 hearing, defendant's counsel represented to the court and plaintiffs' counsel that he would be able to gather the relevant e-mail addresses without substantial delay, and that the e-mail addresses could be provided to plaintiffs' counsel within one day.  The court advised

Disclosures of these e-mail addresses shall be pursuant to the parties' existing Stipulated Protective Agreement Regarding Treatment of Confidential Information.

      3. Plaintiffs' counsel shall send the initial e-mail message to the complaining customers and copy defendant's counsel on the e-mail transmission. The proposed e-mail language contains two bracketed sections in the second paragraph that require the insertion of additional information (i.e., a date and an electronic "button"). Unless otherwise agreed to by the parties, plaintiffs' counsel shall complete those sections and permit defendant's counsel to review a proposed, final e-mail prior to transmission.

      4. As agreed upon by the parties' counsel, the complaining customers shall have seven calendar days to "opt out" of being contacted regarding this litigation (by either party or counsel), as explained in more detail in the e-mail language agreed to and provided by the parties. Defendant's counsel shall be given equal and prompt access to the responses of the complaining customers.

      5. If any complaining customer that is the subject of the e-mail transmission fails to respond to the e-mail or to opt out of further contact by the end of the seven-day "opt-out" period referenced above, defendant shall provide to plaintiffs' counsel, no later than three calendar days after the expiration of the completed seven-day "opt-out" period, that complaining customer's name, address, telephone number, and e-mail address.[5] Disclosure of this information shall be pursuant to the parties' existing Stipulated Protective Agreement Regarding Treatment of Confidential Information.

      6. Counsel for the parties shall create a mutually agreeable log that tracks the "opt-out" e-mail contact made with complaining customers and those customers' responses, with

---

defendant's counsel to begin the process of gathering the e-mail addresses immediately after the hearing to facilitate the prompt disclosure of those e-mail addresses.

[5] Counsel agreed at the hearing that the delivery of such information would likely take the form of the un-redacted database entries entitled "EPNY Case Details."

3

the goal of clearly identifying those customers who are not to be contacted by the parties or counsel regarding this litigation.  The court leaves it to the parties to reach an agreement regarding the particular features of such a tracking log.

7. As previously ordered by the court, effective August 4, 2011, plaintiffs' counsel and defendant's counsel shall not contact any of the subject complaining customers regarding this litigation during the "opt-out" contact period, except for those respective complaining customers who had already affirmatively contacted either plaintiffs' counsel or defendant or defendant's counsel regarding the litigation.  In order to avoid confusion, counsel for plaintiffs and defendant shall share the names of those complaining customers who have already made affirmative contact with them; counsel shall make mutual disclosures no later than the expiration of the seven-day "opt-out" period referenced above.  Defendant may, however, continue to contact its customers in the ordinary course of business.

8. This order governs the pre-certification period only and is without prejudice to reconsideration upon the formal request of plaintiffs, defendant, or both sets of parties.  If plaintiffs and defendant agree that they require clarification of any part of this order, they may contact the undesigned's Courtroom Deputy, Matt Caspar, at (916) 930-4187, to arrange a telephone conference with the undersigned, which will take place off of the record.

IT IS SO ORDERED.

DATED: August 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4