UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| STEFANIE MLEJNECKY; GREG CLAYTOR<br><br>Plaintiffs,<br><br>v.<br><br>OLYMPUS IMAGING AMERICA INC.,<br><br>Defendant. | CASE NO. 2:10-cv-02630-JAM-KJN<br><br>**ORDER GRANTING MOTION OF DEFENDANT OLYMPUS IMAGING AMERICA INC. TO DISMISS SECOND AMENDED COMPLAINT** |

WEST\224172254.3

CASE NO. 2:09-CV-00444-JAM-KJN

1    On August 3, 2011, the Motion of Defendant Olympus Imaging America Inc.
2  ("Olympus") to Dismiss the Second Amended Complaint ("SAC") filed by Plaintiffs Stefanie
3  Mlejnecky and Greg Claytor ("Plaintiffs") came on for hearing in the above-captioned case.
4  Having considered the memoranda filed in support for and in opposition to the Motion, as well as
5  the arguments of counsel at the hearing, the Court hereby orders as follows:
6  I.   Plaintiffs' Standing to Assert Claims Relating to the Olympus Stylus 850 SW
7    Olympus moves to dismiss Plaintiffs' claims to the extent they relate to the Olympus
8  Stylus 850 SW, on the grounds that Plaintiffs never purchased that particular model and therefore
9  do not have standing to assert such claims. The Court agrees. All claims relating to the Olympus
10 Stylus 850 SW are DISMISSED without leave to amend.
11 II.  Plaintiffs' Standing to Pursue Claims Based on Advertisements They Never Relied On
12   Olympus argues that Plaintiffs cannot pursue claims based on advertisements they never
13 saw or relied on. The Court agrees that Plaintiffs do not have standing to pursue such claims, and
14 hereby DISMISSES and STRIKES the following allegations from the SAC *that are in bold* that are shown in
15 bold:

- ¶ 32 (Page 9, lines 5-8): "... ~~Prior to their purchases of Stylus SW cameras,~~ Plaintiff Mlejnecky, Plaintiff Claytor ~~and Class Members~~ were exposed to Olympus's ~~extensive and long-term~~ advertising campaign for the Stylus SW ~~cameras, including representations in paragraphs 30 and 31 above.~~"

- ¶ 45 (Page 16, line 25): "Olympus has not recalled the Stylus SW cameras to repair the defects, has not offered to its customers a suitable repair or replacement free of charge, and has not offered to reimburse Stylus SW camera owners who incurred costs relating to repairs. Nor has Olympus not removed the deceptive marketing materials from its website **and other places** which state that the Stylus SW cameras function in up to 33 feet (for the Stylus 1030 SW) or 10 feet (for the Stylus 850 SW) of water and that they withstand drops of 6.6 feet (for the Stylus 1030 SW) or 5 feet (for the Stylus 850 SW)."

- ¶ 56 (Page 21, lines 14-16): "... In addition, Olympus's website **and company materials** state that the Stylus 1030 SW can withstand a 6.6 foot drop and can function up to 33 feet under water..."

- ¶ 57 (Page 21, lines 22, 26): "Olympus also violated Civil Code 1770(a) by excluding from its warranty the very characteristics and benefits it represented the Stylus SW cameras had in advertisements, **marketing materials**, on its website, on the boxes in which the cameras are sold and on the cameras themselves. Specifically, Olympus's warranty excludes defects or damages from "impact" and "liquids" even though 1) the boxes in which the cameras are sold and the cameras

themselves contain the representation "SHOCK + WATERPROOF;" and 2) Olympus's **marketing materials and** website explicitly state that the Stylus 1030 SW can withstand a 6.6 foot drop and can function up to 33 feet under water and that the Stylus 850 SW can withstand a 5 foot drop and can function up to 10 feet under water."

- ¶ 70 (Page 24, line 20): "In advertisements, **marketing materials**, on its website, on the box in which each Stylus SW camera was sold and on the cameras themselves, Defendant made material misrepresentations of the Stylus SW cameras' characteristics and benefits by stating and advertising that they have characteristics and benefits that they do not have."

- ¶ 72 (Page 25, line 3): "Defendant engaged in "unlawful" business practices by knowingly and intentionally excluding from its warranty the very characteristics and benefits it represented the Stylus SW cameras had in advertisements, **marketing materials**, on its website, on the box in which each Stylus SW camera was sold and on the cameras themselves."

- ¶ 83 (Page 26, line 10): "In advertisements, **marketing materials**, on its website, on the boxes in which the Stylus SW cameras were sold and on the cameras themselves, Defendant made material misrepresentations of the Stylus SW cameras' characteristics and benefits by stating and advertising that they have characteristics and benefits that they do not have."

- ¶ 85 (Page 26, line 19): "Defendant engaged in "unfair" business practices by knowingly and intentionally excluding from its warranty the very characteristics and benefits it represented the Stylus SW cameras had in advertisements, **marketing materials**, on its website, on the boxes in which the cameras were sold and on the cameras themselves."

- ¶ 96 (Page 28, line 7): "In advertisements, **marketing materials**, on its website, on the boxes in which the Stylus SW cameras were sold and on the cameras themselves, Defendant made material misrepresentations of the Stylus SW cameras' characteristics and benefits by stating and advertising that they have characteristics and benefits that they do not have.

- ¶ 98 (Page 28, line 19): "Defendant engaged in "fraudulent" business practices by knowingly and intentionally excluding from its warranty the very characteristics and benefits it represented the Stylus SW cameras had in advertisements, **marketing materials**, on its website, on the boxes in which the cameras were sold and on the cameras themselves."

- ¶ 112 (Page 30, line 13): "Defendant engaged in "unfair, deceptive, untrue or misleading advertising" when it knowingly and intentionally excluded from its warranty the very characteristics and benefits it represented the Stylus SW cameras had in advertisements, **marketing materials**, on its website, on the boxes in which the cameras were sold and on the cameras themselves.

/////

/////

1  /////

2  Olympus shall file its answer to the Second Amended Complaint, which shall be deemed
3  amended in accordance with the above ruling, within *twenty (20) days* from the date of this
4  Order.

5  Dated: August 23, 2011

   _____
   JOHN A. MENDEZ
   UNITED STATES DISTRICT JUDGE